Keyes.
3k174
f152 163

DANIËL D. CAMPBELL v. EDWIN VEDDER and others.

As to the mere holder of a subsequent mortgage, the record of a prior mortgage is sufficient notice of its existence, and of the rights of the assignee thereof, although the assignment of the prior mortgage be not recorded.

The non-recording of the assignment of a prior mortgage does not affect the rights of the holder thereof, against subsequent purchasers of the premises, or the holders of subsequent mortgages on said premises.

The conveyance of the mortgaged premises to the mortgagee, after he has assigned his interest in the mortgages can, by no possibility, operate as a merger.

THE controversy in this action is confined to the defendants Plank and Schermerhorn, executors of F. Quackenbush, deceased, and the defendant William Van Vranken. Both having mortgages upon the premises described in the complaint, and claiming the right of priority of payment of their respective mortgages out of the surplus moneys which arose upon the foreclosure of an older mortgage, on the same premises, executed by James Vedder to Jeremiah Fuller, in the year 1828. This mortgage was assigned, in 1846, by the executors of said Fuller, to the defendants Plank and Schermerhorn, as executors of F. Quackenbush, deceased, and, by them, foreclosed in 1860, by a sale duly advertised, at which sale the defendant Van Vranken became the purchaser of the premises in question for $4,400.

James Vedder conveyed said premises to Edwin Vedder; Edwin Vedder, after such conveyance, executed to Isaac Vedder two bonds, and secured the same by two mortgages upon the premises in question; the first of which bonds and mortgages was executed October 2d, 1843, and recorded on the day following, and was conditioned for the payment of $908.18, and interest. The other of said bonds and mortgages was executed and recorded on the 21st day of July, 1846, and conditioned for the payment of $900. Isaac Vedder, on the 18th of January, 1845, assigned the first of said bonds and mortgages, being the one for $908.18, to F. Quackenbush, as collateral security for the payment of all notes which the said Quackenbush should indorse for said Isaac Vedder, and

all moneys which he should advance to him. The mortgage was delivered with the assignment, but not the bond. This assignment was not recorded. On the 11th of June, 1850, Isaac Vedder made a memorandum, on the back of the assignment of such bond and mortgage, declaring that the said bond and mortgage should remain in the hands of the executors of said Quackenbush, as security for all moneys that should be advanced to him by them. Isaac Vedder, on the 1st of August, 1849, assigned to one Jeremiah Groot the bond and mortgage he had already assigned to Quackenbush (and delivered to him the bond), and, also, the other bond and mortgage executed to him by Edwin Vedder, as collateral security for the payment of his note for $1,340, then held by said Groot; and Groot, on the 1st of April, 1853, transferred the said note and assigned the said two bonds and mortgages to D. D. Campbell, the plaintiff, as collateral security for the payment of the balance due on such note, which was then $1,017.50.

The assignment to Groot was recorded on the 9th of March, 1852, and that to Campbell, on the 26th of October, 1854.

Edwin Vedder, on the 1st day of May, 1852, conveyed the said mortgaged premises to the said Isaac Vedder; the deed was recorded on the 18th day of November, 1852, and contained a statement that such premises were sold subject to the said two mortgages executed by the said Edwin Vedder, giving their dates, amounts, and the times when recorded, and further stating that the first of said mortgages was in the hands of Frederick Quackenbush's executors, and the other in the hands of Jeremiah Groot.

Isaac Vedder, on the 1st of April, 1865, conveyed the said premises to John Bradt, by deed duly recorded on the 2d of July, 1855. This deed also contained a clause, after the description of the premises, stating that such conveyance was made subject to the three mortgages aforesaid, and the back interest thereon, which were assumed and agreed to be paid by said Bradt. The description in such deed of one of such mortgages was as follows: One given for $908.18, dated Oct. 2d, 1843, held and owned by the heirs of Frederick Quack-

enbush, deceased, and recorded in the Schenectady county clerk's office, in book R, of mortgages, page 650, &c.

John Bradt, to secure the payment of part of the purchase-money of the said premises, on the 1st day of April, 1855, executed to Isaac Vedder a mortgage for $2,000, upon the said premises, which was recorded on the 2d day of July, 1855. Isaac Vedder, on the 30th day of July, 1855, assigned this last mentioned mortgage to the defendant, Wm. Van Vranken, as collateral security for notes which had been and should be indorsed by him for said Vedder, and for the repayment of advances which he had made and should thereafter make for the said Veeder. Such assignment was recorded Sept. 22d, 1855.

It is this mortgage that the defendant, Van Vranken, claims ought to be paid out of the surplus moneys in question, before the claim of the executors of Quackenbush, which is secured by the assignment of the mortgage for $908.18, of the date of Oct. 2d, 1843.

The amount due for moneys advanced by F. Quackenbush and his executors, to Isaac Vedder, the payment of which was secured by the said assignment of such mortgage, was $1,543.50.

The amount due for moneys advanced by the defendant, Van Vranken, to Isaac Vedder, the payment of which was secured by the assignment of the John Bradt mortgage, was $2,210.19.

The referee held, that the defendant, Van Vranken, by the deeds of Edwin Vedder to Isaac Vedder, and Isaac Vedder to John Bradt, and the contents thereof, had constructive notice of the said assignment to F. Quackenbush of the Edwin Vedder mortgage of the 2d of Oct., 1843; and that by means of such constructive notice the defendants, Plank and Schermerhorn, executors of Quackenbush, were entitled to priority of payment, out of said surplus moneys, of the said sum of $1,543.50.

The plaintiff's right to a priority of payment of his claim, arising on the note of Groot, had been established by the court, and the defendants, Plank and Schermerhorn, adjudged

to pay the same out of the said surplus moneys; and in pursuance of such adjudication such claim was paid by such defendants, amounting to $1,197.33, besides $142.28 costs, on the 26th day of Oct., 1860. This was before any proceedings were had on the reference of the issues between these defendants and the defendant Van Vranken.

This payment to the plaintiff reduced the amount of surplus moneys in the hands of defendants, Plank and Schermerhorn, to $1,574.

Judgment was entered upon the report of the referee, from which the defendant, Van Vranken, appealed to the General Term of the fourth district, where the judgment was affirmed, in a modified form. From that judgment Van Vranken appeals to this court. The case was submitted on written arguments.

*Mitchell & Beattie*, for the appellant.

*S. W. Jackson*, for the respondent.

PECKHAM, J.. The amount of surplus money, after paying Campbell's claim, was $1,574. The claim of either party, if well founded, is sufficient to absorb the whole. The mortgage held by the executors is the older lien, and must prevail, unless its priority has, in some manner, been lost. Van Vranken insists it has, upon various grounds: First. That Van Vranken is a *bona fide* purchaser, without notice of their mortgage, and, as their assignment was not recorded, it is dormant and void as to him. Second. That the conveyance to Isaac Vedder, the mortgagee of the equity of redemption, operated as a satisfaction or payment of the mortgage assigned to the executors.

As to the first ground, the referee found that Van Vranken had constructive notice of the assignment to the executors by the reference thereto in the deed to his mortgagor's grantor, and also in the deed to the grantor himself. In both deeds, all the mortgages (except the one held by Van Vranken, not then executed) were referred to, and the grantee in the last agreed to pay them, as part of the purchase-money. The

court below affirmed the position of the referee. This doctrine is, perhaps, sound enough. (*Champlin* v. *Layton*, 6 Paige, 189; affirmed, 18 Wend., 407, 421; *Child* v. *Clark*, 3 Barb., Ch., 52.) If Van Vranken had constructive notice of this assignment, he could not be a "*bona fide* purchaser" of the mortgage assigned.

But there is no occasion here to invoke the aid of any disputed principle. This mortgage held by the executors had been duly recorded, as the referee found, and that of itself, although the point was not presented by counsel, was notice to all subsequent incumbrancers and purchasers. The statute, as to recording assignments of mortgages, has no application to Van Vranken's mortgage or to this case.

So far as regards him, the mere holder of a subsequent mortgage, the record of the prior mortgage was clear and sufficient notice thereof. The failure to record an assignment of the prior mortgage could not blot out the record of the mortgage itself. If Van Vranken was the purchaser, in good faith, of the prior mortgage, and an assignment thereof, previously made, had not been recorded, he would hold the mortgage. But, if he only became a purchaser of the premises by absolute deed, or otherwise, the record of a prior mortgage is sufficient notice thereof to him, no matter how often assigned, or whether the assignment be recorded or not. The only alteration made by the recording act of 1830 is, that an assignment must now be recorded as against a subsequent *bona fide* purchaser of the mortgage assigned. A "subsequent purchaser, in good faith," in the recording act, as to this case, means a purchaser of the mortgage assigned, not a purchaser of the premises. (1 R. S., 756, § 1.) A subsequent purchaser of the premises is bound by a prior recorded mortgage, no matter who holds it. This is too plain to be elaborated.

As to the second ground, the conveyance of the premises to the mortgagee did not operate as a payment of the mortgages he had held thereon, as he was not then the holder of the mortgages — nor was there any merger — of course there could be none, as the different estates never vest in the same

person. Besides, merger in equity is a question of intention, and there can be no pretense of any intention that they should merge when they are referred to as subsisting liens in the deed itself to the mortgagee — the deed stating that they are then in the hands of third persons (one in the hands of said executors), and that the conveyance was expressly made subject thereto. (*Sheldon* v. *Edwards*, decided at the last term of this court.)

The judgment entered upon the report of the referee was modified by the order of the Supreme Court. The plaintiff Campbell, held two bonds and mortgages, as assignee, as security for his debt. The one which had previously been assigned to the executor's testator was the elder of the two. The plaintiff had been allowed to take his pay from the surplus money, without any order of court or agreement of parties as to the application of the money — whether, in paying plaintiff's debt, it should apply upon the elder or the younger mortgage, or upon both. The court held that, in the absence of such order or assignment, or actual application, the law applied it to the elder mortgage. The amount due upon the elder mortgage was thus reduced to $795.82; and, to that amount only, that court ordered payment of the executor's claim. The court declined to dispose of the balance of the surplus money, on the ground that Isaac Vedder, though a party to this suit, was not a party to the reference, as he should have been, and that such balance should, therefore, remain until the further order of the court.

Isaac Vedder, the mortgagee in both mortgages, made no claim to the surplus moneys, and, under the facts of this case, he had none whatever. He had assigned the elder mortgage to the executor's testator to secure a sum greater, at the time of the trial, than the amount due on the mortgage, and larger than the balance of the surplus money. After making this assignment, he fraudulently assigns the same bond and mortgage to another; the latter assignment was conceded to be valid, because the first assignment was not recorded. Equity will not allow him to take advantage of his own fraud, by insisting that the payment to Campbell shall be applied to the

elder mortgage, and thus defraud the executors, when, in justice, it ought to be applied upon the other mortgage, held by Campbell. Thus, neither Campbell nor the first assignee, the testator, would be defrauded. Justice would thus be done to all. There is nothing in *Seymour* v. *Van Slyck* (8 Wend., 403; affirmed, 15 id., 19), relied upon by the court below, at war with such an application.

On the contrary, the doctrine of the application of payments, as fully examined by the chancellor in that case, in the Court of Errors, directly sanctions the application of this money by Campbell to the satisfaction of the younger mortgage, then held by him. Where neither party, debtor or creditor, has applied the payment, "the court, upon whom the exercise of the power devolves in that case, should make the application upon equitable principles." Chancellor WALWORTH, delivering the opinion of the court. (15 Wend., 29.) In that case the court was not guided by the rule that the payment must be applied to the oldest demand, in the absence of any application or direction. The application was made precisely where the court determined that justice and equity required. So it should be applied in the case at bar. The court below was of opinion that justice required its application, according to the decision of the referee, and in that we think the court was right.

Again, equity, as a general rule, requires the creditor having two securities to resort first to the one to which another creditor has no claim. (*Berley* v. *Lawrence*, 11 Paige, 581; *Ingalls* v. *Morgan*, 10 N. Y., 178.)

Isaac Vedder, the mortgagee who assigned the first mortgage to the executor's testator, and, thereafter, again to another, together with another mortgage, had no interest in the first mortgage until both claims, which it was assigned to secure, were paid, and the mortgage would not revert to him until then. If the assignment to the testator were void as to Campbell, because not recorded, it was perfectly good as to Isaac Vedder, the assignor. Van Vranken is simply a subsequent mortgagee, and the prior incumbrance must be first paid.

We see no defect in the pleadings that would not allow the judgment ordered by the referee. The facts and claims of both parties were properly stated. If there were any deficiency in the prayer for relief, the court should have amended it. (*Pease* v. *Emery*, 20 N. Y., 62; *Marquart* v. *Marquart*, 2 Kern., 336.) We think the judgment entered upon the report of the referee was right, in all respects, and should be affirmed with costs.

All the judges concurring,

Judgment affirmed.