DE WITT CURTIS, Respondent, v. J. CHARLES MOORE et al.,
Appellants.

1. ASSIGNEE OF MORTGAGE — SUBSEQUENT PURCHASER OF LAND FROM MORTGAGEE. The assignee of a recorded mortgage upon real estate which was conveyed by the mortgagor to the mortgagee after an assignment of the mortgage, has a valid lien as against a purchaser of the land from the mortgagee who took without notice of the assignment, notwithstanding the conveyance to the mortgagee as well as the conveyance from the mortgagee to the purchaser were recorded before the assignment was placed on record.

2. RECORD OF ASSIGNMENT OF MORTGAGE — FOR WHAT NECESSARY. One who purchases land from a mortgagee thereof, when the mortgage is on record, without making inquiry or requiring the production of the mortgage or of the note which it was given to secure, is not a *bona fide* purchaser as against a prior assignee of the mortgage, although the assignment was not recorded, since it is not necessary to record an assignment of a recorded mortgage as against a subsequent purchaser of the mortgaged premises, but only as against a subsequent purchaser of the mortgage itself.

3. MERGER — OF MORTGAGE IN TITLE TO LAND. A mortgage is not merged in the title to land when the mortgagee obtains the title after he has assigned the mortgage.

4. SECRET AGREEMENT FOR TRUST — EFFECT ON RECORDED MORTGAGE. An assignee of a recorded mortgage, which contains a recital that it is given to secure payment of a part of the purchase money for the premises, is unaffected by a secret agreement between the mortgagee and mortgagor that the latter shall hold the premises in trust for the mortgagee.

*Curtis* v. *Moore*, 10 Misc. Rep. 341, affirmed.

(Argued February 9, 1897; decided March 2, 1897.)

APPEAL from a judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered December 5, 1894, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Benjamin Yates* for appellants. The appellant Moore, being a purchaser for value, is entitled to be protected under the Recording Act. (*Bacon* v. *Van Schoonhoven*, 87 N. Y.

446; *Brewster* v. *Carnes*, 103 N. Y. 556; *Williamson* v. *Brown*, 15 N. Y. 354; *Ellis* v. *Horrman*, 90 N. Y. 473.)

*Robert L. Harrison* for respondent. The delivery of the note and the mortgage for a valuable consideration operated as a valid assignment. (*Green* v. *Hart*, 1 Johns. 580; *Runyan* v. *Mersereau*, 11 Johns. 534; *Malins* v. *Brown*, 4 N. Y. 403.) There was no merger of the mortgage by transfer of the property to Edward S. Curtis after his assignment to the plaintiff. (Gerard on Titles, 194; *Campbell* v. *Vedder*, 1 Abb. Ct. App. Dec. 302; *Purdy* v. *Huntington*, 42 N. Y. 334; *Brown* v. *Blydenburgh*, 7 N. Y. 141; *Kellogg* v. *Smith*, 26 N. Y. 18; *Gillig* v. *Maass*, 28 N. Y. 191; *Campbell* v. *Vedder*, 3 Keyes, 174; *Westbrook* v. *Gleason*, 79 N. Y. 23; *Bank of Albion* v. *Burns*, 46 N. Y. 170; *Viele* v. *Judson*, 82 N. Y. 32; *Greene* v. *Warwick*, 64 N. Y. 220.)

VANN, J. On the nineteenth of October, 1885, Edward S. Curtis conveyed an undivided one-sixth interest in certain premises situate in the city of New York to John B. Armstrong by a deed dated that day and duly recorded October 26, 1885. At the same time the said Armstrong executed a purchase-money mortgage to Edward S. Curtis to secure a note for $2,000, given by the former to the order of the latter, of even date with the mortgage, and payable two years thereafter with interest at six per cent. This mortgage was duly recorded November 24th, 1885. March 29th, 1886, said Edward S. Curtis borrowed the sum of $500 of the plaintiff, and delivered to him the said note and mortgage and gave him an instrument of which the following is a copy:

" $500.　　　　　　　　　CHICAGO, ILL., *Mar.* 29, 1886.

" One day after date, for value received, I promise to pay to the order of De Witt H. Curtis the sum of five hundred dollars, at Chicago, with interest at the rate of 8 per cent per annum after date, having deposited with said D. H. Curtis, as collateral security, a certain real estate mortgage for the sum of two thousand dollars, bearing date of 19th October,

1885, given to E. S. Curtis by J. B. Armstrong & Desiree D., his wife, which I hereby give the said D. H. Curtis, agent or assignee, authority to sell, or any part thereof, on the maturity of this note, or at any time thereafter, or before, in the event of said securities depreciating in value in the opinion of said D. H. Curtis, at public or private sale, at the discretion of said D. H. Curtis or his assignee, without advertising the same, or demanding payment, or giving me any notice, and to apply so much of the proceeds thereof to the payment of this note as may be necessary to pay the same, with all interest due thereon, and also to the payment of all expenses attending the sale of the said mortgage, including attorney's fees, and in case the proceeds of the sale of the said mortgage shall not cover the principal, interest and expenses, I promise to pay the deficiency forthwith after such sale.

"EDWARD S. CURTIS."

On May 20th, 1886, Edward S. Curtis borrowed from the plaintiff $500, on the same security as collateral, and on August 25th in the same year, he borrowed $500 more, each time giving him an instrument similar in form to that of March 29, 1886, but none of them were acknowledged or recorded. February 7, 1887, said Armstrong conveyed the premises covered by the mortgage to Edward S. Curtis by deed duly recorded on the 5th of March, following. On the 23d of February, 1891, Edward S. Curtis, for a valuable consideration, conveyed the premises to the defendant J. Charles Moore, by deed duly recorded on the 11th of April thereafter.

This action was brought to foreclose said mortgage, and the defendant Moore alleges in defense that he is a *bona fide* purchaser of the premises in question without notice, and that the conveyance from Armstrong to Edward S. Curtis effected a merger of the mortgage. Upon the trial it did not appear that Mr. Moore purchased the premises either with or without actual knowledge of the outstanding mortgage and note given by Mr. Armstrong and transferred to the plaintiff. He is presumed, however, to have had notice of such facts, as an examination of the record would have disclosed.

21

Under the circumstances above stated, the plaintiff became the owner of the mortgage for the purpose for which it was delivered or pledged to him, as "a good assignment of a mortgage is made by delivery only." (*Fryer* v. *Rockefeller*, 63 N. Y. 268–276; *Runyan* v. *Mersereau*, 11 Johns. 534; *Green* v. *Hart*, 1 Johns. 586.) If the omission of the plaintiff to record the evidence of the transfer of the mortgage to him inured to the benefit of the defendant under the Recording Act, we may assume that the latter became a *bona fide* purchaser without notice, otherwise not. In *Purdy* v. *Huntington* (42 N. Y. 334) the question was directly passed upon by this court and decided adversely to the contention of the defendant. It was held in that case that the assignee of a recorded mortgage upon real estate, which was conveyed by the mortgagor to the mortgagee after an assignment of the mortgage, has a valid lien as against a purchaser from the mortgagee who took without notice of the assignment, notwithstanding the conveyance to the mortgagee, as well as the conveyance from the mortgagee to the purchaser, were recorded before the assignment was placed upon record. The court said : " The question is then presented, whether Calvin Huntington can be protected in his title as against the mortgage by reason of the omission to have the assignment thereof recorded. It is conceded that he is to be charged with constructive notice of the existence of the mortgage, and of the continuance of its lien, by its record in the proper office. By that he was informed not only of the date of the mortgage, the amount secured thereby, and of all its particulars, but that it was open and uncanceled of record, and therefore apparently an outstanding lien and incumbrance on the premises of which he was taking title. Having that information, he knew or was at least chargeable in law with the further notice, that it was such lien and incumbrance in the hands of any person to whom it had been legally transferred, and that the record of such transfer was not necessary to its validity, nor as a protection against a purchaser of the property mortgaged or any other person than a subsequent purchaser in good faith of the

mortgage itself or the bond or debt secured thereby; but on the contrary, that a vendee of the premises took it subject to the lien of the mortgage irrespective of the ownership thereof. That knowledge and notice made it his duty in the exercise of proper diligence to inquire whether Minott Mitchell, his vendor, was still the owner and holder of the mortgage, and his omission to make that inquiry deprives him of the protection of a *bona fide* purchaser." (Citing *Brown* v. *Blydenburgh*, 7 N. Y. 141; *Kellogg* v. *Smith*, 26 N. Y. 18; *Gillig* v. *Maass*, 28 N. Y. 191; *Campbell* v. *Vedder*, 3 Keyes, 174.) The same principle was laid down in an earlier case, where the court said: "The failure to record an assignment of the prior mortgage could not blot out the record of the mortgage itself. If Van Vranken was the purchaser, in good faith, of the prior mortgage, and an assignment thereof, previously made, had not been recorded, he would hold the mortgage. But, if he only became the purchaser of the premises by absolute deed, or otherwise, the record of a prior mortgage is sufficient notice thereof to him, no matter how often assigned, or whether the assignment be recorded or not. The only alteration made by the Recording Act of 1830 is, that an assignment must now be recorded as against a subsequent *bona fide* purchaser of the mortgage assigned. A 'subsequent purchaser in good faith,' in the Recording Act, as to this case, means a purchaser of the mortgage assigned, not a purchaser of the premises. A subsequent purchaser of the premises is bound by a prior recorded mortgage, no matter who holds it." (*Campbell* v. *Vedder*, 1 Abb. Ct. of App. Dec. 295, 302; *S. C.*, 3 Keyes, 174.)

It is obvious that these cases are analogous to the case before us. Mr. Moore was not a *bona fide* purchaser within the principle established by those authorities, because the record of the mortgage was notice to him that the mortgage was outstanding and unsatisfied, and it was no concern of his who happened to be the owner at the time. In dealing with the property on the assumption that Edward S. Curtis still owned the mortgage, he acted at his peril and assumed the risk that

Curtis might have transferred the mortgage to someone else. He was put upon his inquiry, and it was not enough for him to examine the record and see that no assignment of the mortgage appeared thereon, but he should have required a satisfaction piece in due form or the delivery of the mortgage and note.

The case of *Bacon* v. *Van Schoonhoven* (87 N. Y. 446) is not in conflict with the cases cited above. In that case the mortgagee advanced money in reliance upon a satisfaction piece executed by the mortgagee in a former mortgage, which had been duly recorded and in fact had been assigned, but the assignment was not recorded. The court held that the satisfaction piece was a conveyance within the meaning of the Recording Act, and that whoever advanced money to be secured by a bond and mortgage upon the faith of such an instrument was a *bona fide* purchaser within the provisions of the act. This was the question before the court, and all that was decided that bears upon the subject now before us, although language somewhat broader in its application was used in the opinion. Although both *Purdy* v. *Huntington* and *Campbell* v. *Vedder* were cited by counsel upon the argument, neither is referred to in the opinion, and it is clear that the court did not intend to overrule them. If Edward S. Curtis had given a satisfaction piece of the mortgage standing on the record in his name, the case relied upon by the defendant would be applicable. He did not do this, however, but accepted title with constructive notice of an uncanceled mortgage, recorded and outstanding, without making inquiry or requiring the production of the mortgage itself, or the note that it was given to secure. Under these circumstances, he cannot be held a *bona fide* purchaser as against the mortgage assigned to the plaintiff, because it is not necessary to record an assignment of a recorded mortgage as against a subsequent purchaser of the mortgaged premises, but only as against a subsequent purchaser of the mortgage itself. (*Purdy* v. *Huntington, supra; Campbell* v. *Vedder, supra; Miller* v. *Lindsey,* 19 Hun, 207.)

There was no merger because the ownership of the mortgage, with the debt secured thereby, and the title to the land, did not meet in the same person. When the fee came back to Edward S. Curtis he had no title to the mortgage, for he had assigned it some months before. There can be no merger, at law, without a union of titles in the same person; nor, in equity, unless, also, there is an intention on the part of those concerned in the transaction that it should operate as a merger. In this case both the union and the intention were wanting. (*Purdy* v. *Huntington, supra; Smith* v. *Roberts,* 91 N. Y. 470; *Sheldon* v. *Edwards,* 35 N. Y. 279, 284; *Bascom* v. *Smith,* 34 N. Y. 320.)

The defendant offered to show an agreement between said Armstrong and Edward S. Curtis, bearing the same date as the mortgage, which recited the conveyance of the property by Curtis to Armstrong, and provided for its reconveyance by Armstrong to Curtis. It contained a stipulation that Armstrong " has no beneficial interest in the above-described property, but holds it subject to a trust." This agreement was immaterial, and was properly excluded on that account. The plaintiff knew nothing of it and was not a party to it. Armstrong's title came from Curtis, and the plaintiff could not be affected by a secret agreement between them that the former should hold the premises in trust for the latter, when, according to the record, he held it in fee at the time the mortgage was executed, and the mortgage contained the recital that it was given to secure the payment of a part of the purchase money. Moreover, the plaintiff has the interest of both the trustee and the *cestui que trust,* for the one executed while the other assigned the mortgage.

After examining all of the exceptions, we think the judgment was right and that it should be affirmed, with costs.

All concur.

Judgment affirmed.