could not get up on top of the car, he made no effort to get off, and says he does not know whether he could have gotten off or not. He made no effort to step onto the platform. He could reach the grab iron standing upon the ground. If so, it would seem that he could have stepped off had he chosen to do so. He says he did not think anything about the car on the other track, although he knew it was there. The court held that the defendant was not responsible for the defective step. Disregard of reasonable rules is contributory negligence. Beach, Contrib. Neg. § 373. The plaintiff, I think, failed to show the absence of contributory negligence, and the evidence is not sufficient to sustain the finding of the jury in that regard. For this reason the judgment should be reversed.

Judgment and order reversed on the law and the facts, and new trial granted; costs of appeal to the defendant to abide the event. All concur; SMITH and KELLOGG, JJ., in result.

---

### SPICER v. FIRST NAT. BANK OF FT. EDWARD et al.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

1. MORTGAGE—DELIVERY—ASSIGNMENT.

Though a mortgage has not been delivered till its assignment, and the mortgagee paid nothing for it, yet, the mortgagor's agent having caused its assignment, and the assignee having paid the agent the amount secured, the mortgage is good in the hands of the assignee as against subsequent liens.

2. SAME—RECORD.

The record of a mortgage avails an assignee thereof as against one taking a second mortgage subsequent to the assignment, though the assignment is not recorded.

3. SAME—DISCHARGE.

Discharge of a mortgage by the mortgagee without consideration, after an unrecorded assignment of the mortgage, and after a second mortgage has been taken, will not avail the second mortgagee, he not having parted with value, or made any agreement for extension of payment in reliance on the discharge, but having merely taken as collateral a new security payable at a further time.

Appeal from judgment on report of referee.

Action by John D. Spicer against the First National Bank of Ft. Edward, impleaded. From a judgment for plaintiff entered on the report of a referee, defendant bank appeals. Affirmed.

This action was brought to cancel the discharge of and to foreclose a mortgage dated February 15, 1893, executed by Margaret H. Bradley to Townsend J. Potter, acknowledged February 16, 1893, and recorded February 18, 1893. It is stated in the mortgage that it is given in consideration of the sum of $3,000 to the party of the first part duly paid, and that the grant is intended as a security for the payment of that sum in six months from the date thereof, with interest, which sum the party of the first part covenanted to pay. Potter, by assignment dated February 19, 1894, and acknowledged February 21, 1894, transferred this mortgage to the plaintiff. In the assignment it is stated that it is made as collateral to a note dated February 19, 1894, made by Margaret H. Bradley to the order of Robert Armstrong, Jr., for $3,000, payable in one year, with interest. This assignment was recorded September 13, 1898. The note above referred to was in fact made by Mrs. Bradley, and indorsed by Armstrong, and by him negotiated with the plain-

tiff; and as collateral security for the payment of the note, and as part of the same transaction, Armstrong caused the transfer to be made. The plaintiff paid therefor to Armstrong the sum of $3,000, of which the sum of $2,306.67 is shown to have been applied upon a note of Mrs. Bradley held by the Ballston Spa Bank. The referee finds that Armstrong was the attorney for Mrs. Bradley, and had authority to and did act for her with respect to the note to the plaintiff and the mortgage, and that the plaintiff purchased the note in good faith, relying on the security of the mortgage. No part of the note has been paid. On the 23d of August, 1894, Mrs. Bradley and Armstrong were severally indebted to the First National Bank of Ft. Edward in an amount aggregating $12,000. This indebtedness was represented by three notes, one for $2,000 and two for $5,000 each, each dated May 23, 1893, and payable on demand, with interest. The debt had been in existence from 1890. On the 23d of August, 1894, Mrs. Bradley, to secure the payment of this indebtedness, executed and delivered to the bank a mortgage covering ten separate pieces of land, one of such pieces being the premises covered by the mortgage assigned to plaintiff. In the mortgage it is stated that the grant is intended as security for the payment of the said notes "one year from the date hereof." The mortgage was recorded September 15, 1894. The referee finds that the bank at the time of the execution and delivery of the mortgage did not part with any value for the same, and that it was given wholly to secure the antecedent debt then held by the bank. On the day prior to its execution and delivery the directors of the bank passed a resolution appointing a committee to represent the bank in the matter of securing the claim, the resolution further stating, "the understanding to be that Mrs. Bradley is to make a substantial payment within four months." On the 2d of March, 1895, a payment of $1,000 was made. Townsend J. Potter, above referred to, was a director and the vice president of the bank. He had been such for several years. On the 29th of October, 1894, he, at the request, as the referee finds, of the bank, executed, acknowledged, and delivered to the bank a satisfaction of the mortgage of February 15, 1893. This satisfaction was dated February 29, 1894, but was not in fact executed until October 29, 1894. It was recorded October 30, 1894. No money was paid to Potter by the bank or any one else for the satisfaction of the mortgage. It was procured by Armstrong. Armstrong, when he procured from Potter the assignment to plaintiff, did not inform Potter that it was to be assigned to the plaintiff. The defendant had no knowledge or information of such assignment until about the time the assignment to plaintiff was recorded. On the 15th of December, 1897, the bank commenced an action for the foreclosure of its mortgage, notice of pendency being filed that day; and judgment of foreclosure and sale was obtained on May 28, 1898. Thereafter, and on January 28, 1899, a sale under the judgment was made, and the premises covered by the mortgage held by plaintiff were bid in by the bank, the deed to it being dated January 28, 1899; and the bank thereby became and was the owner of the premises at the time of the commencement of this action on March 9, 1899. The referee found as matter of law that the bank, at the time it received its mortgage, was chargeable in law with full notice of the prior recorded mortgage then unsatisfied; that the bank did not part with value, nor did it extend the time of payment of the debt held by it against Mrs. Bradley in such manner as to place itself in the position of a bona fide holder of its mortgage as against the plaintiff and his rights under his prior recorded mortgage; that the bank did not part with value for the satisfaction obtained from Potter, and did not rely on such satisfaction or its recording, and the rights of the plaintiff are not affected thereby; that since the delivery by Mrs. Bradley of the mortgage of August 23, 1894, the bank has parted with no value, nor given any extension of time, whatever it did in such respect having been done before the time of the execution and delivery of the mortgage; that the mortgage of the plaintiff is a lien prior to any rights of the bank, and the plaintiff is entitled to foreclosure.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

A. D. Wait, for appellant.
Lewis E. Griffith, for respondent.

MERWIN, J. There was evidence tending to show that the mortgage of February 15, 1893, never became operative in the hands of Potter, that he paid nothing for it, and that it had never been delivered prior to the occasion of its assignment to plaintiff. Still, upon its assignment to plaintiff under the circumstances here shown, he occupied the position of a purchaser in good faith for full value, and the mortgage became an effective security as against any one obtaining a subsequent lien. Schafer v. Reilly, 50 N. Y. 61; Viele v. Judson, 82 N. Y. 32, 39. The record of the mortgage was notice to subsequent purchasers of the premises although the assignment to plaintiff was not recorded. Curtis v. Moore, 152 N. Y. 159, 46 N. E. 168. When, therefore, the bank, on the 23d of August, 1894,—some six months after the assignment to plaintiff,—took its mortgage, it took it with constructive knowledge of the existence of the prior mortgage, and the effect of such notice would not be destroyed although the bank parted with value on the faith of the mortgage. The main question in the case arises over the effect to be given to the cancellation. That was executed October 29, 1894, and brought to the knowledge of the bank on the same day. If, in reliance upon that, the bank had advanced money upon its mortgage (Bacon v. Van Schoonhoven, 87 N. Y. 446), or had given a valid extension of the time of payment of its prior debt (Cary v. White, 52 N. Y. 138), it would have been protected. It is not claimed that any money was advanced, and the question is whether there was an extension. The referee has found, in substance, that there was none. It has been held that the fact simply that a creditor takes as collateral a new security payable at a future time does not operate to extend the time of payment of the principal debt, or suspend the right to sue upon the original security. Bank v. Sleight, 1 App. Div. 189, 37 N. Y. Supp. 155. That proposition is not disputed by the appellant, but the claim is that the referee should have found the existence of an agreement, express or implied, for an extension. There was no writing to that effect. The instruction of the bank to the committee was that a substantial payment must be made within four months. What should constitute a substantial payment seems to have been left undetermined. That would be a material element on the question of extension. No payment was made within four months. The existence of the prior mortgage was discovered about September 15th. The satisfaction was not executed until October 29th. It is not made clear that there was any completed agreement for extension upon the execution and delivery of the mortgage, or that the conduct of the bank in regard to the matter was at all influenced by the cancellation, or that it gave or continued any extension by reason of that. The burden was upon the bank to show that it parted with value in reliance upon and by reason of the cancellation. The referee has, in effect, found that this was not shown, and his conclusion on that subject should not, I think, be disturbed. The bank, in purchasing upon the sale under its mortgage in 1899, did not acquire any

rights superior to the plaintiff. It then had notice of the plaintiff's claim to priority. The sale on the judgment operated to transfer the title the mortgagor had at the time of the execution of the mortgage. It did not affect prior liens. The judgment should, I think, be affirmed.

Judgment affirmed, with costs. All concur.