THE FIRST NATIONAL BANK OF SODUS, Plaintiff, *v.* CHESTER W. CONANT, ADA M., his wife, CHARLES H. CONANT and BESSIE, his wife, HOWARD D. CONANT and HELEN P., his wife, CHARLES W. GAYLORD and ROME TRUST COMPANY and JAMES HANBY, Defendants.

(Supreme Court, Wayne Equity Term, July, 1920.)

Mortgages — priority of — foreclosure — recording — assignments — consideration.

>    An assignment of a junior recorded mortgage taken in good faith and for a valuable consideration, without knowledge of a senior unrecorded mortgage, has priority of lien over the senior mortgage, and the fact that said assignment was not recorded until after the recording of the senior mortgage and its assignment, is immaterial.

ACTION to foreclose a mortgage.

· Myrick M. Kelly (Clyde W. Knapp, of counsel), for plaintiff.

Charles P. Williams, for defendant Gaylord.

Rodenbeck, J. The mortgage to Herman L. Kelly was made without any knowledge on his part or on the part of the First National Bank of the prior unrecorded mortgage given to Chester W. Conant by his sons and the assignment of the Kelly mortgage to the bank was also accepted without any knowledge of the unrecorded mortgage. It was stated by Chester W. Conant to Herman L. Kelly, the president of the bank, and to its cashier, that the premises about to be mortgaged to Kelly were clear and the bank and Herman L. Kelly were not advised of the existence of the unrecorded mortgage until it had been recorded which was some time after the mortgage to Herman L. Kelly had been recorded. The knowledge acquired by Myrick M. Kelly in the preparation of the unrecorded mortgage is not to be imputed to the bank. *Casco Natl. Bank* v. *Clark,* 139 N. Y. 307. That knowledge was acquired in a private transaction with which the bank was not connected and it does not matter that Myrick M. Kelly was at the time also the attorney for and a director of the bank. It would be an unusual doctrine which would lead to incalculable complications to hold that all of the information of a director of a bank is imputable to the bank. Only such knowledge is imputable to the bank as was acquired in connection with the performance of the duties of the director as such and which he ought to disclose. *Casco Natl. Bank* v. *Clark, supra.* The Herman L. Kelly mortgage, having been accepted without knowledge on the part of Kelly of the existence of the unrecorded mortgage, became a first lien upon the property

upon its being recorded. This lien was acquired by virtue of the recording act as the mortgage was made in good faith and for a valuable consideration. *Gibson* v. *Thomas,* 180 N. Y. 483; *Durkee* v. *Nat. Bank of Fort Edward,* 36 Hun, 565; Real Prop. Law, § 291. The good faith of the mortgage is attested by the fact that there existed at that time an obligation to the bank and that an extension of time for the payment of the same was given and that subsequently the promissory notes representing the obligation were cancelled and returned. *O'Brien* v. *Fleckenstein,* 180 N. Y. 350, 354. The transaction brings the case within the recording act and makes the Herman L. Kelly mortgage a prior lien to the unrecorded mortgage. This being so the assignment to the bank whether recorded or not takes priority over the subsequently recorded senior mortgage to Chester W. Conant and its assignment to defendant Gaylord. The lien of the Herman L. Kelly mortgage could not be affected by the failure to record the assignment to the bank and the recording of the Kelly assignment subsequent to the recording of the Conant assignment is immaterial. There are two reasons why the assignment to the bank takes priority over the assignment to Gaylord, one is that it was made in good faith for a valuable consideration without knowledge of any defect in the Herman L. Kelly mortgage and is a valid assignment irrespective of the recording act and the other is that the recording act applies only to conveyances from the same vendor or mortgagor. These two assignments are not from the same mortgagor and their priority does not depend upon the date of their recording. The recording act applies as between the two mortgages but not as between the two assignments since they are not assignments of the same mortgage. " It is not necessary to record an assignment of a recorded mortgage as

against a subsequent purchaser of the mortgaged premises (which in this case is a subsequent assignee of an unrecorded mortgage) but only as against a subsequent purchaser of the mortgage itself." *Curtis* v. *Moore,* 152 N. Y. 159, 164. "The record of the mortgage was notice to subsequent purchasers of the premises (which would apply to an assignee of an unrecorded mortgage) although the assignment to the plaintiff was not recorded." *Spicer* v. *First National Bank,* 55 App. Div. 172, 175. "A vendee of premises (and the same would be true of the assignee of an unrecorded mortgage) took it subject to the lien of the mortgage, irrespective of the ownership thereof." *Purdy* v. *Huntington,* 42 N. Y. 334, 339. " The only effect of recording an assignment of a mortgage is to protect the assignee against a subsequent sale of the same mortgage. If the assignment be not recorded, the assignor can assign to another person, a purchaser in good faith, and for value, who may record his assignment first, and will then hold the mortgage against the first assignee. An assignment is a conveyance of the mortgage which, within the recording act, is a chattel real, and such conveyance, not recorded, is void against any subsequent purchaser ' of the same real estate,' to wit, the same mortgage. In *Campbell* v. *Vedder* (3 Keyes, 174) Judge Peckham said: ' The only alteration made by the recording act of 1830, is that an assignment must now be recorded as against a subsequent *bona fide* purchaser of the mortgage assigned. A ' subsequent purchaser in good faith,' in the recording act as to this case, means a purchaser of the mortgage assigned, not a purchaser of the premises.' In *Gillig* v. *Maass* (28 N. Y. 191) Judge Wright said: ' The recording statutes only apply to successive purchasers from the same sellers, and the record of the

assignment of the mortgage would only be constructive notice of such assignment as against subsequent assigns of the mortgage.' " *Greene* v. *Warnick,* 64 N. Y. 220, 227.

The plaintiff's mortgage, therefore, is prior to that of the defendant Gaylord.

Judgment accordingly.