MARY DROBNEY, Plaintiff, *v.* JAMES F. SULLIVAN and Others, Defendants.

Supreme Court, Broome County, August 15, 1933.

*George W. Eisenhart,* for the plaintiff.

*William A. Miner,* for the defendants Steve Svec and Anna Svec.

McNAUGHT, J.   The real parties in interest in the determination of the controversy presented by the issues are the plaintiff, Mary Drobney, and the defendants Steve Svec and Anna Svec.   The parties are the unfortunate victims of the fraudulent conduct of one James F. Sullivan.   Sullivan for some period of time was a practicing attorney and real estate operator in the village of Endicott in the county of Broome.   After the transactions involved herein he removed to New York city and subsequently absconded.   The unfortunate situation in which the parties find themselves is due to reprehensible and illegal acts of Sullivan and to the confidence each reposed in him.   A clear understanding of the issues requires the unraveling of a somewhat complicated state of facts.

It appears to be established that on or about November 21, 1923, Sullivan conveyed to one Roy Miller and Anna M. Miller, his wife, premises situate upon what is known as Nebraska avenue in the village of Endicott.   The grantees executed and delivered to Sullivan a bond and mortgage for the sum of $2,000 to secure a portion of the purchase price of the premises.   On or about December 26, 1925, Miller and his wife conveyed the premises to Alfred Nicolai and Olive Nicolai, his wife, subject to the aforesaid $2,000 mortgage.   On or about February 25, 1926, Nicolai and his wife conveyed the premises to Michele Longo, the deed containing a like recital that it was subject to the aforesaid $2,000 mortgage.   On or about April 15, 1926, Longo and his wife conveyed the premises to the La Stella Agency, Inc., the deed reciting that the premises were conveyed subject to mortgages aggregating $3,900.   On or about April 17, 1926, the LaStella Agency, Inc., conveyed the premises to the defendants Steve Svec and Anna Svec, as tenants by the entirety, the conveyance reciting that it was made and accepted subject to a $1,900 mortgage held by one Louis J. Kingsley.   The defendants Svec have been the owners and in possession of the premises since the deed of 1926.   The Kingsley mortgage has been paid and discharged of record.

The plaintiff, Mary Drobney, had business transactions with Sullivan in which he had acted as her attorney and adviser.   She

had also acted in the capacity of interpreter in connection with business transactions of his office with individuals of foreign descent. On or about December 1, 1923, the plaintiff purchased from Sullivan the mortgage given to him by Miller and wife. The plaintiff paid to Sullivan by order upon a savings account in the Binghamton Savings Bank, $1,900, and by order upon an account in the Endicott Trust Company, $100. Sullivan delivered neither the bond, the mortgage, nor an assignment, but gave the plaintiff a receipt for $2,000, reciting that it was in payment of an assignment of " 1st mtge. Miller to J. F. Sullivan for Two Thousand Dollars." About the same time or shortly thereafter Sullivan delivered to the plaintiff a writing reciting that he agreed " to obtain the whole or any part of the mortgage money on the property of Roy Miller on Nebraska Avenue represented by Bond and Mortgage held by Mary Drobney for $2,000 at any time that the said Mary Drobney should desire the money." The plaintiff at the time did not receive either the bond or mortgage, and no assignment was ever delivered to her. About a month later through the mail she received the bond and some insurance papers. There seems to have been some transaction by which Sullivan was to record the mortgage, which at the time the plaintiff paid the $2,000, had not yet been recorded. The mortgage in fact was not recorded in Broome county clerk's office until the 29th day of September, 1925, and never came into the possession of the plaintiff until after Sullivan absconded in 1930, when it was obtained for her from the county clerk's office. No payments were ever received by the plaintiff from the mortgagor or any of the subsequent grantees of the premises. From time to time money was paid to her by Sullivan, down to and including some time in the year 1929. Plaintiff received payments of principal aggregating $800. She admits receiving other payments, and vouchers have been produced for sums aggregating $325, represented by checks of Sullivan, which apparently were payments of interest.

Plaintiff and the defendants Svec are employees of the Endicott-Johnson Corporation. In 1931 plaintiff took up the matter of her mortgage with the legal department of that corporation, and the defendant Steve Svec was asked to call at the office of the legal department. It appears from the proof that this was the first intimation Svec had that the plaintiff claimed to hold a mortgage against his property. He had made no payments of interest or principal to the plaintiff, nor had she demanded such payment, and he had paid no principal or interest to Sullivan. The defendants Svec declined to pay the mortgage. Plaintiff brought this foreclosure action.

Prior to April 17, 1926, the defendants Svec were the owners of premises located upon Oakhill avenue in the village of Endicott. The premises were subject to a mortgage of $1,000. Negotiations were entered into by Sullivan operators for an exchange of property owned by the defendant Svec on Oakhill avenue and the property then in the name of Longo on Nebraska avenue. The two properties were appraised and upon the appraisal the difference in value was fixed at $2,000. Longo then deeded on April 15, 1926, to the LaStella Agency, Inc., subject to mortgages aggregating $3,900. Two days later the LaStella Agency, Inc., deeded to the defendants Svec, subject to mortgage in the sum of $1,900, and Svec conveyed his property on Oakhill avenue to the LaStella Agency, Inc., and paid $100 in cash. The transactions all occurred in the office of Sullivan. Sullivan was to all intents and purposes the LaStella Agency. It was one of his real estate operations. A contract was first drawn and subsequently the deed was executed. At the time of the execution of the deed Sullivan stated in the presence of witnesses that the premises were being conveyed to Svec subject to a $1,900 mortgage only, held by Kingsley, and represented by Page as his agent. A satisfaction piece of the $2,000 mortgage in the name of Sullivan was present, was seen by witnesses, and when the deed was executed Sullivan stated that he would record the deed and the satisfaction piece. Svec left the papers with him as his attorney for such purpose. The satisfaction was not recorded and it cannot be found.

We, therefore, have a situation where it may be fairly stated upon the facts established by the evidence, that the plaintiff, Mary Drobney, dealing with and reposing trust and confidence in Sullivan, parted with $2,000 for a mortgage she actually never received until long after Sullivan absconded, of which no assignment was delivered to her, and of the principal of which there is still unpaid $1,200. The defendants Svec, dealing with like confidence with Sullivan, and he acting as their attorney, and they, relying upon his statements as to the disposition of the papers and as to the amount of the liens, accepted a conveyance subject to a $1,900 mortgage which has since been paid, and now find the plaintiff has a claim which she is seeking to enforce by foreclosure for an unpaid balance of $1,200 against their property. There are strong equities in favor of each of these litigants.

A court of equity is naturally desirous and will strive to relieve the parties from the unfortunate situation in which they have been placed by the reprehensible conduct of Sullivan; yet even a court of equity is bound to follow well recognized authority and principles of law which cannot be disregarded.

A bond and mortgage which is personal property may be assigned by delivery without a written instrument. (*Ebling Brewing Co.* v. *Gennaro,* 189 App. Div. 782, 786.)

Where a party makes what is treated as a final payment and satisfaction of a bond and mortgage without taking a satisfaction and without requiring production of the instruments, or receiving some sufficient excuse for their non-production, the payment is at his peril and not good as against an assignee for value under an unrecorded assignment. In dealing with the property on such an assumption the purchaser acts at his own peril and assumes the risk that the mortgagee may have transferred the mortgage to someone else. He is put upon inquiry. It is not enough for him to examine the record and see that no assignment of the mortgage appears thereon, but he should require a satisfaction piece in due form, or the delivery of the mortgage and bond. (*Curtis* v. *Moore,* 152 N. Y. 159; *Assets Realization Co.* v. *Clark,* 205 id. 105.)

It is not necessary to record an assignment of a recorded mortgage as against a subsequent purchaser of the mortgaged premises, but only as against a subsequent purchaser of the mortgage itself. (*Greene* v. *Warnick,* 64 N. Y. 220, 225; *Curtis* v. *Moore, supra,* 164.) The record of the mortgage was notice to subsequent purchasers of the premises, although the assignment to the plaintiff was not recorded. (*Spicer* v. *First National Bank,* 55 App. Div. 172.)

In *Purdy* v. *Huntington,* 42 N. Y. 334, it was held that the assignee of a recorded mortgage upon real estate, which real estate was conveyed by the mortgagor to the mortgagee, after the assignment, holds a valid lien as against a purchaser from the mortgagee who took without notice of the assignment, notwithstanding the conveyance to the mortgagee as well as the conveyance from the mortgagee to the purchaser, were recorded before the assignment was placed upon record.

In this case, however, it appears that the defendants Svec did not deal heedlessly and carelessly with Sullivan without knowledge that the mortgage existed, or without proper precautions as to an assignment having been made. The mortgage was discussed; a satisfaction of it was drawn, apparently executed, and such satisfaction, together with the deed received was intrusted to Sullivan for record. Defendants Svec could have done nothing more, unless they had refused to intrust the papers to Sullivan for recording and demanded that they be forthwith delivered to them. They, however, had confidence in Sullivan, regarded Sullivan as their attorney, and certainly could not be charged with negligence in intrusting the papers to Sullivan under such circumstances for the purpose of having then recorded.

The plaintiff did not exercise as great a degree of care as did the defendants Svec. For nearly six years she did not seek to obtain the mortgage. She apparently did not know the mortgage was not recorded until three years after she purchased it. She did not seek to obtain nor apparently make any inquiries regarding a written assignment of it. She trusted Sullivan implicitly and she looked to Sullivan for payment, not to the owners of the premises, either Svecs or their predecessors in title. It is a principle firmly imbedded in our system of jurisprudence that where one of two innocent parties must suffer by the wrongful conduct of another, that party must sustain the loss who by his own act has enabled the third person to do the injury. (*Farmers and Mechanics' Bank of Kent Co.* v. *Butchers and Drovers' Bank,* 16 N. Y. 125, 133; *Griswold* v. *Haven,* 25 id. 595, 599; *McNeil* v. *Tenth National Bank,* 46 id. 325, 333; *Moore* v. *Metropolitan National Bank,* 55 id. 41, 47; *Muller* v. *Pondir,* 55 id. 325, 335; *Walsh* v. *Hartford Fire Insurance Co.,* 73 id. 5, 10; *Conrow* v. *Little,* 115 id. 387, 392; *Hulburt* v. *Walker,* 258 id. 8, 17.)

The act of the plaintiff in failing to secure possession of the mortgage, her failure to obtain a written assignment, her carelessness as to the recording of the mortgage or the assignment, her reliance upon receiving payments from Sullivan, her failure to call the attention of any of the successive owners of the property to her mortgage lien, and her neglect to seek enforcement of payment from any of the owners including Svec, until long after Sullivan had ceased to make payments to her, clearly, while unfortunate for the plaintiff, place her in the position of a person who by his own negligence and carelessness, enables the third person (in this instance Sullivan) to do the injury to both the plaintiff and the defendants Svec.

For the reasons outlined, the court feels constrained to hold that the plaintiff is precluded from enforcing the apparent lien of the mortgage she claims to own. Upon all of the facts plaintiff has failed to establish a cause of action.

Judgment is directed for defendants and complaint dismissed, with costs.