---

[No. 3668.]

BARR v. FOSTER.

1. PRACTICE—ERROR—REVIEW.
In order to enable the appellate court to review the judgment or decree of the trial court on the evidence, an exception to the judgment is necessary; but where the error in the judgment appears in the record proper, the court will consider and correct it, although no exception has been taken.

2. MORTGAGES—RELEASE—QUITCLAIM DEED.
A quitclaim deed from a mortgagee to a mortgagor including the mortgaged premises will operate as a release of the mortgage, if it was so intended, but when the quitclaim deed shows a different intent, as where its terms expressly show that it was given for the purpose of conveying any interest the mortgagee might have in the land growing out of a certain contract made long prior to the giving of the mortgage, it will not operate as a release of the mortgage.

3. PRACTICE—EVIDENCE—PRESUMPTION.
Where the evidence is not preserved in the record it will be presumed that it was sufficient to support the finding.

*Error to the District Court of Saguache County.*

Messrs. HARTZELL & STEELE, for plaintiff in error.

Mr. LEE CHAMPION, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

This is a writ of error prosecuted by William P. Barr, defendant below, for the purpose of reversing a decree taken against him by default in the district court of Sa-. guache county in favor of Samuel J. Foster, plaintiff below. The abstract of record sets out the complaint *in hœc verba*, and therefrom it appears that the action was brought to remove a cloud from the title to certain real property therein described. It purports to set out two causes of action. The facts averred in the first cause of action are in brief as follows:

That on June 26, 1890, one Peter T. Contine was the owner in fee of certain land in Saguache county. On that date, in order to secure the payment of his note for the sum of $4,200, payable to Barr, the plaintiff in error, he executed a trust deed upon 1,160 acres of land to Harrison E. Hoyt, as trustee. On July 2, 1890, Barr, jointly with one Charles E. Barrick, executed a quitclaim deed to Contine for this land, together with other tracts of land, amounting in the aggregate to 2,120 acres. The quitclaim deed, after the description of the property contains this language: "Being the same land conveyed to the said Peter T. Contine by Thomas Arthur Young on July 25, 1890, as appears of record in said county. This deed is given for the purpose of quit-claiming our interest or interests in the above property, if any there be, arising out of a certain contract made by Thomas Arthur Young and the parties of the first part herein, dated June 2, 1890, and filed for record," etc.

That subsequent to the execution of this quitclaim deed, Contine conveyed the land to one Green, who conveyed the same to Foster. Afterwards, and on November 25, 1890, Hoyt attempted to foreclose the trust deed, and in pursuance thereof executed and delivered a trust deed to the property to one Sheldon A. Wight, who thereafter executed a quitclaim deed to William P. Barr, the defendant below, plaintiff in error here.

The second cause of action alleges the execution of the trust deed to Hoyt for the use of Barr; that on October 11, 1890, Hoyt commenced foreclosure of the trust deed by publishing a notice in the Rocky Mountain Herald, wherein the date of sale was fixed for December 12, 1890, which notice was published in the issues of October 18 and 25. In the issue of the same paper of October 12, 1890, he published not only the notice above stated, but another and additional notice of the sale of said premises, in which the said sale was published and advertised to occur on November 25, 1890; alleges that the Rocky Mountain Herald had no circulation in Saguache county, and none in Chaffee county, where Foster lived; that Foster had no notice of the publication of the notice until long after the sale; that on November 25, 1890, the premises were bid off in the name of Sheldon A. Wight, who was not personally present, for the merely nominal sum of $1,000; that by reason of the publication of these two notices the general public were deceived as to the time of the sale, and thereby bidders and purchasers were prevented from attending the sale; that in pursuance of said sale Hoyt executed trustee's deed to Wight, and on August 19, 1891, Wight executed a quitclaim deed to Barr. The decree following the prayer of the complaint is as follows:

"This cause coming on regularly to be heard on the 28th day of December, A. D., 1894, the same being one of the regular judicial days of the November term of said court, the plaintiff appearing by counsel, Lee Champion, Esq., and the defendants failing to appear either in person or by counsel, and it appearing from the records of this court that a default was regularly taken and entered against the defendants herein, in this action, on the tenth day of September, A. D., 1894, and the court hearing all the evidence of plaintiff and being fully advised in the premises, orders, adjudges and decrees as follows, to wit:

"*First.* It is ordered, adjudged and decreed that the plaintiff is the owner of and entitled to the possession of the land in controversy herein and more particularly described as follows, to wit:" (Here follows description of the land.)

" *Second.* That one certain deed of trust from Peter T. Contine to Harrison C. Hoyt for the use of William P. Barr, recorded in volume 40, at page 291, and the indebtedness the same was given to secure be and the same is hereby decreed to be paid and satisfied in full.

" *Third.* That the certain trustee's deed made by Harrison E. Hoyt as trustee, to Sheldon A. Wight, on November 25th, A. D., 1890, and recorded in Saguache county records in volume 48, at page 21, be and the same is hereby decreed to be absolutely null and void and of no effect whatever.

" *Fourth.* That the quitclaim deed made by Sheldon A. Wight and Agnes J. Wight to William P. Barr, and executed on August 1st, A. D., 1891, and recorded in Saguache county records, book 45, at page 19, be and the same is hereby decreed to be null and void and of no effect whatever.

" That the sale of said premises by Harrison E. Hoyt as trustee to Sheldon A. Wight was irregular and illegal, and the same is hereby decreed to be null and void.

" That the title to said premises is hereby decreed to be in plaintiff, and never has left said plaintiff or his grantors, and that defendants and each of them are hereby perpetually enjoined from in any manner interfering with plaintiff in the full, complete and absolute enjoyment of said premises."

The defendant assigns as grounds for reversal that the court erred in overruling a demurrer to the complaint, and in entering any decree against the defendant, and especially in entering the decree that it did enter.

It is insisted by counsel for defendant in error that we cannot review this decree because no exception was taken thereto. As we have frequently held, an exception is necessary to enable this court to review the judgment or decree of the trial court upon the evidence; but in none of the cases is it held that an exception to the judgment is necessary to enable the court to examine and correct an error apparent upon the record; but, on the other hand, the rule is, when the error in the judgment does appear in the record proper, the court will consider and correct it, although no

exception has been taken. *Thornton v. Brady*, 100 N. C. 38; *In re Johnston*, 54 Kan. 726; *Gower & Holt v. Carter & Shattuck*, 3 Iowa (Cole's ed.), 244; *Jones's Heirs v. Jones's Adm'r*, 42 Ala. 218.

Since the abstract nowhere mentions the fact that a de- murrer was interposed, or presents the ruling thereon, we are not at liberty under our rules, to consider this assignment; and the only question presented for our determination is as to the sufficiency of the allegations of the conplaint to sustain the decree rendered; in other words, whether the complaint states any cause of action, and if so, whether such cause of action entitles plaintiff to the relief granted.

In the first cause of action the plaintiff predicates the right to have the trust deed canceled upon the ground that the quitclaim deed executed by Barr and Barrick on July 2, 1890, operated as a release and discharge of it. While it will be conceded that a quitclaim deed executed by a mortgagee to a mortgagor, conveying the mortgaged premises, will operate as a release of the mortgage, if it was so intended, yet when a contrary intent appears from the terms of the deed itself, no such result will follow. The intent of the parties, when it can be ascertained, will prevail. "As in the case of all contracts, the intent of the parties to the deed, when it can be obtained from the instrument, will prevail, unless counteracted by some rule of law. * * * The rule is that the intention of the parties is to be ascertained by considering all the provisions of the deed, as well as the situation of the parties, and then to give effect to such intention, if practicable, when not contrary to law." 2 Devlin on Deeds, § 836.

It is manifest from the terms of the quitclaim deed that it was given solely for the purpose of conveying any interest that Barr and Barrick might have in the land growing out of a certain contract between them and Thomas Arthur Young, made long prior to the giving of the trust deed. The reference to, and description of, the interest intended to be conveyed precludes any possible presumption that this

contract related to the deed of trust, or that the quitclaim was intended to release or in any way affect the lien created thereby. Construed most liberally, the allegations relied on to sustain the first cause of action are clearly insufficient to entitle the plaintiff to any relief; and the court below erred in decreeing that the deed of trust and the indebtedness secured thereby were paid and satisfied, and in enjoining the defendant from hereafter enforcing such claim. The right to the relief sought in the second cause of action is based upon the invalidity of the trustee's sale under the foreclosure proceeding; and we think that under the allegations of the complaint, evidence might have been introduced that would have justified the court in setting aside the sale and the conveyances made in pursuance thereof; and the evidence not being preserved in the record, we must presume that it was sufficient for this purpose. So much of the decree, therefore, as is based upon the second cause of action will be affirmed; and that portion based upon the first cause of action will be reversed, and the cause remanded, with directions to the court below to correct decree accordingly.