ELIZABETH B. MANGUM ·V. HENRY STADEL.

No. 15,124.   (92 Pac. 1093.)

SYLLABUS BY THE COURT.

1. LANDLORD'S LIEN—*Purchaser of Tenant's Crop with Notice—Burden of Proof.* In an action by a landlord to recover from a purchaser of a crop grown upon rented premises and subject. to a lien the value of such crop to the extent of the unpaid rent the burden of showing that the purchase was made with notice of the lien rests upon the plaintiff.

2. ———— *Constructive Notice.* To charge a purchaser of a crop· grown on rented land with notice of a landlord's lien actual knowledge of the lien is not necessary.

3. ———— *Facts that Naturally Excite Inquiry.* If the pur-· chaser has knowledge of facts which naturally excite inquiry, and of one that reasonably leads to a knowledge of the lien, it is his duty to inquire; and testimony sufficient to require inquiry is testimony of notice.

4. ———— *Notice a Question for the Jury.* The testimony tending to show notice of the lien in the present case held to be· sufficient to require the submission of the case to the jury.

Error from Jackson district court; MARSHALL GEP-· HART, judge.   Opinion filed December 7, 1907.   Reversed.·

*Case Broderick, DeVere Rafter,* and *John D. Myers,* for plaintiff in error.

*J. J. Schenck,* and *Charles Hayden,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: In January, 1904, Elizabeth B. Mangum leased her farm to M. C. Cooney for $150 per· year, taking his note for that amount, due the following· December.   Cooney raised a crop of corn on the farm and sold a portion of it to Henry Stadel for $117.50. He paid $35 on his note, leaving $115 of the rent unpaid, which under the statute was a lien on the corn grown on the premises, including that sold to Stadel..

This action was brought against Stadel to recover the value of the corn purchased to the extent of the rent due and unpaid. Testimony was introduced by plaintiff in an effort to show that Stadel had such notice of the lien as made him liable for the unpaid rent, but upon a demurrer to the evidence the court held that plaintiff's testimony did not tend to show notice of the lien, and the case was taken from the jury.

The question arises, Was there testimony tending to show that Stadel had notice of the lien? The statute gives the landlord a lien on the crops of his tenant for the payment of the rent. The lien may be enforced against the crop after it has passed into the hands of a purchaser with notice of the lien, wherever it can be identified, by a proceeding against such purchaser to recover the value of the crop purchased to the extent of the unpaid rent and damages. To charge a purchaser with notice of a lien actual notice is not necessary. A person cannot be a *bona fide* purchaser who has brought to his attention facts which should have put him upon inquiry—an inquiry which if pursued with due diligence would have led to a knowledge of the lien. (*Scully v. Porter,* 57 Kan. 322, 46 Pac. 313; *Stadel v. Aikins,* 65 Kan. 82, 68 Pac. 1088.) Without doubt the plaintiff had a lien upon the corn sold Stadel, but it was one which was not enforceable against a *bona fide* purchaser. This follows from the fact that the statute gives a remedy against a purchaser with notice, implying that there is no remedy against one who purchases in good faith and without notice. The plaintiff's action is practically based upon a charge of bad faith in the purchaser; that is, of the purchase of the corn with notice of the plaintiff's lien. While the statute gives a lien, bad faith in the purchaser cannot be presumed. Stadel was not required to show his good faith, and the burden of showing that the purchase was made with notice of the lien was upon the plaintiff.

Did plaintiff offer testimony tending to show notice

of the lien or notice of facts which would naturally arouse suspicion and 'excite inquiry reasonably leading to a knowledge of the lien? Such a notice is equivalent to actual knowledge. While plaintiff's testimony tending to prove notice was meager, it was sufficient to take the question to the jury. The testimony showed that the plaintiff and defendant had known each other well from childhood and had lived and owned land within three miles of each other for a great many years. The plaintiff's land was situated on the road leading from Stadel's land to Hoyt, the nearest market. Stadel had been on the plaintiff's farm, had purchased cattle there and assisted in driving them away. Living in the neighborhood a great many years, as he had, and transacting business with his neighbors, as he did, he was necessarily familiar with his surroundings. When called as a witness he stated that he had never seen Cooney until he came to sell him the corn, and did not know or inquire where he lived nor where the corn was grown. One of the witnesses, however, testified that when inquiry was made of Stadel about the purchase of the corn he answered that until Cooney came to his place to sell the corn he did not know him; that "that was the first time he ever had seen Mr. Cooney to know his name or where he lived." This testimony fairly implies that he then knew that Cooney lived on plaintiff's land, and this knowledge should have provoked inquiry as to whether the relation of landlord and tenant existed between plaintiff and Cooney and whether the rent had been paid.

"When a person purchases grain from a tenant, either on or some distance from the leased premises, with knowledge of the relation of landlord and tenant, or of the facts which should have prompted inquiry as to the existence of a lien in favor of the landlord on crops grown on the leased land, he cannot escape liability to the landlord." (*Stadel v. Aikins*, 65 Kan. 82, 85, 68 Pac. 1088.)

Enough was brought out in the testimony to give

rise to the inference that the duty of inquiry was placed upon Stadel, and testimony sufficient to require inquiry is sufficient testimony of notice. Where the testimony is sufficient to warrant the drawing of an inference upon the question of notice it belongs to the jury alone to draw that inference and to determine whether the purchaser is chargeable with notice.

The ruling of the court sustaining the demurrer to plaintiff's evidence is reversed and the cause remanded for a new trial.