(No. 5466.  June 23, 1930.)

MERCHANTS TRUST COMPANY, a Corporation, Respondent, v. JOSEPH GLEN DAVIS, Sometimes Known as JOSEPH G. DAVIS, etc., Defendant, and ALBERT BEUS and DORA BEUS, His Wife, and LARGILLIERE COMPANY, BANKERS, a Corporation, Appellants.

[290 Pac. 383.]

R. J. Dygert, for Appellants.

Peterson, Baum & Clark, for Respondent.

VARIAN, J.—Action to foreclose a mortgage on farm lands in Caribou county, Idaho. On November 23, 1918, Joseph Glen Davis and wife executed three mortgages to the North American Mortgage Company, of Leeuwarden, Holland, covering the east half of the northeast quarter of section 33, and the west half of the northwest quarter of section 34, township 8 south of range 42 E., B. M., in Bannock county, Idaho. The first mortgage (so designated in the instrument) was to secure the payment of $2,000, payable ten years after date, with interest at six per cent per annum; the second, subject to said first mortgage, to secure the payment of $400.88, payable in ten annual instalments, with interest at twelve per cent per annum after maturity. The agreement between the parties was that Davis should pay eight per cent on the principal of the $2,000 borrowed, and the second note represents the additional two per cent on that sum. A third mortgage upon the same premises, reciting that it was given subject to the two mortgages just described, was for $100.22, payable in ten annual instalments, and termed a commission mortgage, to secure the payment of the commission of the agents of the North American Mortgage Company, the Edgerton-Fabrick Company. The first mortgage was recorded December 9, 1918, and the second and third mortgages on December 28, 1918, all in Bannock county.

By act of the legislature, effective February 11, 1919, Caribou county was created from a portion of the territory of Bannock county (Sess. Laws 1919, chap. 5, p. 28), the mortgaged lands thereafter being in Caribou county. The

record of all three mortgages was duly copied into the records of Caribou county.

Under date of October 1, 1919, the North American Mortgage Company duly assigned the first or $2,000 debt and mortgage to the Merchants Trust & Savings Bank, a Minnesota corporation, which subsequently changed its name to Merchants Trust Company, which said assignment, through inadvertence and mistake, was recorded in Bannock county, where the assigned mortgage was originally recorded. The assignment was never recorded in Caribou county, where the mortgaged premises are now situate.

Davis and wife having failed to pay the interest instalments of the first mortgage falling due in 1921 and 1922, and certain taxes for the years 1919, 1920, 1921 and 1922, the North American Mortgage Company, under the provisions of the second mortgage still owned by it, paid certain taxes, insurance, and two interest instalments on the first mortgage, as it was permitted to do under the terms of the second mortgage, which it foreclosed subject to the first mortgage, then owned by respondent, Merchants Trust Company. This foreclosure was not contested, and one Harry Horsley bid in the premises for the amount of the debt, including interest, moneys advanced, attorney's fees, etc., and assigned the certificate of sale to the First National Bank of Montpelier, a creditor of Davis, and sheriff's deed issued to it. Thereafter, said bank closed its doors and went into liquidation. On December 7, 1926, appellant Beus, defendant in the present action, entered into a contract with the receiver of said bank to purchase the mortgaged lands for the agreed consideration of $3,500. Beus was to "assume all liens that may be against the property, together with the interest thereon figured to the date of delivery of the deed, the amount of the liens and interest not being known to the parties at this time, to be credited upon the purchase price."

Two hundred dollars, cash payment, was made on account at that time. Thereafter, the sale being confirmed by the federal judge, a receiver's deed to the premises issued to

defendant Beus on paying the receiver in cash $193.36, making a total of $393.36, cash, paid for the property, the difference between that sum and the contract price of $3,500 representing the liens against the property, including the first mortgage sought to be foreclosed here.

On March 14, 1927, defendant Beus commenced an action to quiet title, in the usual form, against the North American Mortgage Company only, and upon service of summons negotiations were entered into between the parties through counsel, and it was agreed that the defendant in the quieting title action would quitclaim to Beus all interest in the lands involved, provided it should be relieved from all liability for costs. Under date of April 2, 1927, said corporation quitclaimed unto Beus, his heirs and assigns, "all that certain lot, piece or parcel of land, situate, lying and being in County of Caribou," etc., particularly describing it and making no mention of the first or third mortgages. This quitclaim deed was recorded in Caribou county on April 4, 1927, and the action to quiet title dismissed. Beus and wife, being indebted to Largilliere Company, Bankers, of Soda Springs, Idaho, evidenced by their promissory note for $6,500, dated December 4, 1926, due one year after date, applied to the manager of that bank for a loan of $500. As testified by the manager, Beus' affairs were involved, and in order to get additional security for the $6,500 note, the bank agreed to advance him $500 more, which it did on April 4, 1927, Beus and wife executing two mortgages on the lands involved in the present action to Largilliere Company, Bankers, one to secure payment of their note for $500, due seven months after that date; the other to secure the said note for $6,500 falling due December 4, 1927. Both mortgages were recorded in Caribou county on April 4, 1927. In December, 1927, defendant Beus moved the bungalow dwelling-house from the mortgaged premises and placed it upon land owned by him about two miles distant. The court decreed the foreclosure and sale, denied any relief to either the Beuses or Largilliere Company, Bankers, and fixed the value of said dwelling at $2,750; that the receiver·

theretofore appointed herein take the necessary steps to recover said dwelling-house, and restore it to said mortgaged premises, and that the same be sold by the sheriff with said premises. All defendants, except appellants Beus and wife and Largilliere Company, Bankers, a corporation, defaulted in the present action.

Appellants contend, in effect, that the mortgages given by Davis and wife to the North American Mortgage Company constitute a single transaction, and the three notes secured thereby evidence but a single debt, and that the provisions of C. S., sec. 6949, to the effect that "there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate," etc., therefore apply. The facts do not sustain this contention. Davis and wife executed three separate notes and three separate mortgages to secure the same, each note and mortgage being a separate and distinct transaction, although executed at the same time. The evidence discloses that the first mortgage and note were assigned for value to respondent; that the second mortgage, securing the instalment note for two per cent of the principal, was duly foreclosed by the original mortgagee, Davis and wife and other proper parties made defendant not contesting the same. Appellants' title is grounded upon this foreclosure. The first mortgage, foreclosed in the instant suit, was a first lien on the premises described therein, and the payment by the North American Mortgage Company of defaulted interest for two years on the original first mortgage was justified because it was necessary in order to protect its second mortgage lien.

We express no opinion as to the effect of the foreclosure of the second mortgage, subject to the lien of the first mortgage by one holding still a third mortgage. That question is not here. Agents for the record holder of the third mortgage testified that the North American Mortgage Company claimed no interest in the third mortgage; that it was the property of the agents who negotiated the loan; also,

that it intended to waive any interest it had in the third mortgage by its quitclaim deed to Beus.

Appellants urge that the only evidence that the North American Mortgage Company intended to convey absolute title to the first mortgage and debt secured thereby to respondent was the evidence of the witness Fabrick, agent for the North American Mortgage Company, to the effect that his company had no interest in the note and mortgage, and that they were turned over to respondent, Merchants Trust Company. In addition is the formal written assignment, the execution of which was duly proven, and the further fact that interest had been paid to it both by the mortgagors and the assignor North American Mortgage Company. Respondent was also shown to be in possession of the said note and mortgage. The proof was sufficient.

The trial court found that Beus took his title from the receiver, Largilliere Company, Bankers, received the mortgages from Beus and wife, with knowledge of the outstanding first mortgage of plaintiff Merchants Trust Company. Appellants strenuously contend that the evidence does not sustain these findings. There is evidence that Beus had actual knowledge, prior to his purchasing the property from the receiver, that the plaintiff owned the first mortgage executed by Davis and wife to the North American Mortgage Company, notwithstanding the assignment did not appear of record in Caribou county. We do not deem it necessary to analyze the evidence, because of the conclusions reached as to the effect to be given the record, applicable to the facts here.

Both Beus and Largilliere Company, Bankers, admit they had examined the Caribou county records, which showed three mortgages to the North American Mortgage Company, executed by Davis and wife on November 23, 1918. Appellants' theory is apparently that the quitclaim deed prepared by their counsel and executed by the North American Mortgage Company is notice to the world of a release of all mortgages held by it, including the assigned first mort-

gage for $2,000, since the assignment thereof does not appear of record in Caribou county.

C. S., sec. 5424, reads:

"Every conveyance of real property other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof in good faith and for a valuable consideration, whose conveyance is first duly recorded."

"A quitclaim deed from the mortgagee to the mortgagor of mortgaged premises is *prima facie* a release and satisfaction of the mortgage lien, and is also *prima facie* a bar to the right to foreclose." (19 R. C. L., p. 454, sec. 237. See, also, *Waters v. Waters,* 20 Iowa, 363, 89 Am. Dec. 540; 2 Jones on Mortgages, 8th ed., sec. 1091, p. 525.) But the court will look to the intent of the parties, and if the parties did not intend to release the mortgage, such intention will prevail. (*Chesney v. Valley Live Stock Co.,* 34 Wyo. 378, 44 A. L. R. 1255, and note, 244 Pac. 216; *Barr v. Foster,* 25 Colo. 28, 52 Pac. 1101; 5 Thompson on Real Property, sec. 4715a, p. 910.) In the instant case, it is clear there was no intention by the mortgagee to release the first mortgage. On the contrary, it claimed the quitclaim deed was given with intent to release any claim existing at that date in favor of the North American Mortgage Company against the mortgaged lands, for the purpose of avoiding costs in the action to quiet title brought against it by Beus, and had no reference to the first mortgage. The quitclaim deed, for this reason, did not release the first mortgage as to the owners of the equity of redemption, Beus and wife.

Our statute provides three methods by which a mortgage lien on real estate may be released: (1) "By an entry in the margin of the record thereof, signed by the mortgagee, or his personal representative or assignee, acknowledging the satisfaction of the mortgage," etc. (C. S., sec. 6366); (2) or it may "be discharged upon the record by the officer having custody thereof, on the presentation to him of a certificate signed by the mortgagee, his personal representative

or assigns, acknowledged," etc.   (C. S., sec. 6367) ; (3) "by decree of a competent court." And where not so discharged, the debt is not extinguished.   (*Kelly v. Leachman*, 3 Ida. 629, 33 Pac. 44; *International Mortgage Bank v. Whitaker*, 44 Ida. 178, 255 Pac. 903.)

As to constructive notice shown by the record, it appears that both Beus and Largilliere Company, Bankers, were informed by the record that the land was incumbered by a first mortgage to secure $2,000, unreleased in any manner provided by statute, and apparently an outstanding lien on the premises with which they were dealing.   This information charged appellants in law with the further notice that the first mortgage was such lien in the hands of anyone to whom it had been legally transferred; that "the record of such transfer was not necessary to its validity, nor as a protection against a purchaser of the property mortgaged, or any other person than a subsequent purchaser in good faith of the mortgage itself" or the note or debt secured thereby; "but, on the contrary, that a vendee of the premises took it subject to the lien of the mortgage, irrespective of the ownership thereof."   That notice made it the duty of appellants, in the exercise of proper diligence, to inquire whether the North American Mortgage Company was still the owner and holder of the first mortgage, and their failure to make such inquiry deprives them of the protection accorded *bona fide* purchasers under C. S., sec. 5424. (*Purdy v. Huntington*, 42 N. Y. 334, 1 Am. Rep. 532; *Campbell v. Vedder*, 3 Keyes (42 N. Y.), 174, 1 Abb. Dec. 295; *Curtis v. Moore*, 152 N. Y. 159, 57 Am. St. 506, 46 N. E. 168; 5 Thompson on Real Property, sec. 4070, p. 73.)   And while appellants were put upon inquiry, it was not enough for them to examine the record and see that no assignmnt of the first mortgage appeared thereon, but they should have required a satisfaction of the mortgage, evidenced in one of the ways prescribed by the statute; otherwise they proceeded at their peril in dealing with the mortgaged property on the assumption that the title to the first mortgage was

still in the original mortgagee. (See *Curtis v. Moore, supra.*)

The record of the quitclaim deed to Beus did not import notice to Largilliere Company, Bankers, of the merger of the lien of the first mortgage with the title in Beus, because the fact of merger depends upon the intention of the parties to the quitclaim deed, or other extrinsic facts. (2 Jones on Mortgages, 8th ed., sec. 1080; *Westheimer v. Thompson,* 3 Ida. 560, 32 Pac. 205.) If it assumed from the record of said deed that the first mortgage to the grantor had become merged in the conveyance to Beus, after assignment of the first mortgage, it did so at its peril. (*Oregon & W. Trust Inv. Co. v. Shaw,* 5 Sawy. 336, 18 Fed. Cas. 766, No. 10,556.) Under the facts of this case there was no merger, because the ownership of the land and the first mortgage and debt thereby secured was not in the same person. Beus held the title to the land, but the quitclaim deed did not pass title to the said debt and mortgage then owned by respondent. (*Curtis v. Moore, supra; Purdy v. Huntington, supra.*)

It is finally contended that the court erred in decreeing a sale of the dwelling-house removed by Beus from the mortgaged lands and taken two miles away to a tract of land owned by him, because the decree fails to describe the lands upon which the dwelling-house is now situate. The decree provides that the receiver shall take the necessary steps to restore it to its original location on the mortgaged premises, and then the sheriff is to sell both the house and land. The sheriff is not required to sell the mortgaged property until after the receiver has, by an "appropriate proceeding," caused the house to be restored to its original location. The sheriff needs no description of the present location of the house; that is a matter for the receiver to determine, with the further aid of the court, if necessary.

Appellants also appeal from an order directing the receiver to pay out certain moneys on account of his fees, taxes, costs and attorney's fees. While this action is assigned as error appellants do not argue the point, or present

any authorities to sustain their objection thereto. Under the practice, the objection will not be considered. (*Estate of Fisher,* 47 Ida. 668, 279 Pac. 291; *McGrath v. West End Orchard & Land Co.,* 43 Ida. 255, 251 Pac. 623; *Gould v. Hill,* 43 Ida. 93, 251 Pac. 167.)

Judgment and order affirmed. Costs to respondent.

Givens, C. J., and Budge, Lee and McNaughton, JJ., concur.