291 P.2d 852

**Lillian IMIG, a widow, Plaintiff-Appellant,**

**v.**

**R. K. McDONALD and Alta L. McDonald, Defendants,**

**Earl C. Reynolds and Frances Reynolds, husband and wife, Defendants-Respondents.**

**No. 8171.**

Supreme Court of Idaho.

Dec. 20, 1955.

Willis C. Moffatt, Merlin S. Young, Ted M. Echols, Boise, for respondents.

Charles F. Reddoch, Charles S. Stout, Boise, for appellant.

**KEETON, Justice.**

This action was brought to foreclose a mortgage given to secure a note for $1,000 dated May 16, 1949, covering the N. 226 ft. of the E. 115 ft. of L. 38, Berridge Subdivision, in which mortgage R. K. McDonald and Alta L. McDonald appear as mortgagors and Lillian Imig, appellant, as mortgagee. This mortgage was not recorded until May 11, 1950. Between the date of the mortgage and its recording, the equity in the property of the mortgagors was purchased from them by Earl C. Reynolds, respondent, and Tom K. Cunning, the interest of Cunning, if any, apparently having been acquired by Reynolds and wife. The contract of purchase and deed of conveyance from the record owner, Beatrice G. Uren, was held in escrow and the purchasers, Reynolds and wife, subsequent to the recording of appellant's mortgage, paid the escrow holder the balance due on the contract and certain other assumed liens against the property, and received the warranty deeds of conveyance, which were recorded in January, 1954.

The contract of purchase by respondents and Cunning provides that Raymond K. McDonald and Alta L. McDonald grantors shall convey all their right, title and interest in and to the following described premises to Earl C. Reynolds and Tom K. Cunning, subject to incumbrances, including a chattel mortgage payable to Lillian Imig, appellant, which incumbrances Reynolds and Cunning agree to pay and keep current. The property so sold and purchased is a part of the property covered by appellant's mortgage herein sought to be foreclosed. The assumed alleged chattel mortgage incumbrance so mentioned in the contract of purchase was in fact a real estate mortgage for $1,000 and the testimony disclosed that respondents knew the amount assumed by them was in that sum. Prior to the execution of the contract of sale by the McDonalds to respondent Reynolds and Cunning, respondent Reynolds was told: "we owed Mrs. Imig the thousand dollar note,". Respondent Reynolds in his testimony testified that he had been advised by Mr. McDonald that they (McDonald and wife) owed Mrs. Imig $1,000 at the time of the contract, but he did not know it was secured by a real estate mortgage.

While the indebtedness of $1,000 assumed is described as a chattel mortgage, no chattel mortgage existed. It was de-

scribed in the contract of purchase as an incumbrance on the real estate being purchased, and the conveyance from the McDonalds to the purchasers (Reynolds and Cunning) was made *subject to incumbrances.*

Abstract of title to the premises was secured June 23, 1949, and the same showed no real estate mortgage in favor of appellant.

In an instrument dated August 24, 1949, signed by respondent Earl C. Reynolds and Raymond K. McDonald, McDonald assumed and agreed to pay the Lillian Imig mortgage, meaning the mortgage referred to in the above mentioned contract of sale.

This instrument was not signed by Cunning or other parties to the contract of sale, and the instrument on its face mentions a mortgage, only, without designating whether real or chattel mortgage. The property being sold is real estate, and a reasonable interpretation of the instrument is that it referred to the incumbrance mortgage mentioned in the contract of sale.

In an answer and cross complaint respondents Reynolds and wife alleged that they had no notice, actual or constructive, of appellant's real estate mortgage; that they were subsequent purchasers in good faith and for a valuable consideration, and that their deed to the property gives them priority over the mortgage.

The court found that the mortgagors McDonald and wife, or respondents Reynolds and wife, had not paid the note or mortgage; that at the time of the conveyance to Earl C. Reynolds and Frances Reynolds, his wife, the mortgagors, Raymond K. McDonald and Alta L. McDonald, his wife, represented to the grantees, respondents here, that the $1,000 obligation to appellant was secured by a chattel mortgage, and that the same is not a lien against the real property sold and conveyed; that the real estate mortgage was not of record on the date of the purchase by respondents; that respondents believed said indebtedness to be secured by a chattel mortgage only; that respondents had assumed and agreed to pay the mortgage, but thereafter on August 24, 1949 (prior to the date the mortgage was recorded) Raymond K. McDonald, in settlement of certain business transactions between Reynolds and himself, agreed and assumed the indebtedness to Lillian Imig, appellant; that respondents believed that the indebtedness of which there was no public record was not a lien on the property and accepted the promise of McDonald to pay the same.

The court held that respondents (Reynolds and wife) are entitled to a judgment quieting title to the premises against the claim of Lillian Imig, appellant. Appeal was taken from the judgment.

In assignments of error appellant contends that in a purported conversation

between Reynolds and Mrs. McDonald prior to the entering into of the contract of purchase and the executing of the deed, both Reynolds and Cunning, purchasers, were advised that there was a mortgage against the property held by Mrs. Imig. Objection to the offer of proof was sustained on the ground that it was an attempt to vary the terms of the deed and the contract of sale thereafter entered into. The offer of proof was not for the purpose of varying the terms of the written contract, but to prove that both Reynolds and Cunning, the purchasers, had actual notice of the Imig mortgage. Objection should have been overruled.

Certain findings are challenged as not supported by the evidence, particularly the finding that the indebtedness to appellant was represented to respondents as being secured by a chattel mortgage. Appellant contends that Reynolds and wife could have, by the exercise of due diligence, discovered that the indebtedness was secured by a real estate mortgage; and that the assumption of the indebtedness to appellant by McDonald does not relieve respondents of liability.

Respondent Reynolds made no inquiry of Lillian Imig, or others in a position to know, as to the nature of the obligation nor did he inquire of the McDonalds as to what the so called chattel mortgage covered. He knew there was an obligation owed to appellant for the sum of $1,000 which in the contract of purchase he had assumed and agreed to pay. In the written subsequent instrument by which he attempts in this proceeding to avoid liability, it was described as a mortgage, while in the original contract of purchase it was stated to be an incumbrance on the property. Further both he and Cunning, if we are to believe the offer of proof, were told by Mrs. McDonald, prior to the entering into of the contract of purchase and the executing of the deed, that there was a mortgage against the property held by Mrs. Imig in the sum of $1,000.

One who relies for protection upon the doctrine of being a bona fide purchaser must show that at the time of the purchase he paid a valuable consideration and upon the belief and the validity of the vendor's claim of title without notice, actual or constructive, of any outstanding adverse rights of another. Richlands Brick Corporation v. Hurst Hardware Co., 80 W.Va. 476, 92 S.E. 685; Merchants Trust v. Davis, 49 Idaho 494, 290 P. 383; Moore v. De Bernardi, 47 Nev. 33, 220 P. 544; Davis v. Kleindienst, Ariz., 169 P.2d 78; 92 C.J.S., Vendor and Purchaser, § 321, p. 214.

Further, one who purchases property with sufficient knowledge to put him, or a reasonably prudent person, on inquiry is not a bona fide purchaser. Froman v. Madden, 13 Idaho 138, 88 P. 894; Mangum v. Stadel, 76 Kan. 764, 92 P. 1093; LaBrie

v. Cartwright, 55 Tex.Civ.App. 144, 118 S.W. 785; Salmon v. Norris, 82 App.Div. 362, 81 N.Y.S. 892; Shephard v. Van Doren, 40 N.M. 380, 60 P.2d 635.

In Froman v. Madden, 13 Idaho 138, 88 P. 894, the Court held:

"One who has notice or knowledge of a previous sale of real property, or who has notice or knowledge of such facts and circumstances as would lead a reasonably prudent man to discover that a previous sale had been made, is not a purchaser in good faith * * *."

and in Mangum v. Stadel, 76 Kan. 764, 92 P. 1093, the Court held:

"If the purchaser has knowledge of the facts which naturally excite inquiry, and one that reasonably leads to a knowledge of the lien, it is his duty to inquire, and testimony sufficient to require inquiry is testimony of notice."

Other authorities and text writers could be quoted to the same effect.

■ In the situation before us the mortgage described as a chattel mortgage in the contract of purchase was also described as an incumbrance. In the contract later entered into in which McDonald assumed the indebtedness to appellant, the indebtedness is described as a mortgage.

If it be contended that, under the facts above stated, the respondents did not have actual notice of the incumbrance, sufficient answer to the contention is that by written documents and other information given the purchasers is sufficient notice to place them on inquiry as to the true situation and they cannot here successfully contend that they they are bona fide purchasers in good faith and for value, without notice, actual or constructive, of the prior incumbrance.

It seems to us from the facts that the respondents failed to exercise due diligence and to avail themselves of information easily obtainable and to which their attention had been directed, and they cannot now claim to be bona fide purchasers. Merchants Trust Co. v. Davis, 49 Idaho 494, 290 P. 383; University of Richmond v. Stone, 148 Va. 686, 139 S.E. 257; Richlands Brick Corp. v. Hurst Hardware Co., 80 W.Va. 476, 92 S.E. 685; Davis v Kleindienst, Ariz., 169 P.2d 78; United States v. Certain Parcels of Land, D.C., 85 F.Supp. 986; Bergstrom v. Johnson, 111 Minn. 247, 126 N.W. 899

Because of the conclusion reached, other assignments of error will not be discussed. The judgment is reversed and the cause remanded with instructions to the trial court to set the judgment aside, and enter judgment for appellant foreclosing the mortgage. Costs to appellant.

TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.