# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 37984

PAUL TRUNNELL, an individual, )
       )
    Plaintiff-Appellant, )
       )
and )       Coeur d'Alene, April Term
       )
BILL LOMU, )       2012 Opinion No. 83
       )
    Plaintiff, )       Filed:  May 31, 2012
       )
v. )       Stephen W. Kenyon, Clerk
       )
VERNA FERGEL, )
       )
    Defendant-Respondent. )

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County.  Hon. Steven C. Verby, District Judge.

District court decision on injunctive relief, <u>reversed</u> and <u>remanded.</u>

Featherston Law Firm, Sandpoint, for appellant.  Brent C. Featherston argued.

Berg & McLaughlin, Chtd., Sandpoint, for appellant.

Jonathan W. Cottrell, Chtd., Sandpoint, for respondent. Jonathan W. Cottrell argued.

_____

BURDICK, Chief Justice

This case comes before this Court on an appeal from the district court's ruling against Paul Trunnell and Bill Lomu's (collectively "Trunnell") Complaint and Petition for Injunctive Relief.  The complaint alleged the existence of a public road on Verna Fergel's (Fergel) property, and that Fergel had denied access to the road causing damage to Trunnell.  The district court held that Fergel was a bona fide purchaser for value, and that she did not have actual or constructive notice of the public nature of the road when she purchased the property.  We reverse and remand.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1908, at the request of Trunnell and Fergel's predecessors in interest, the Bonner County Board of Commissioners (Commissioners) began the process of creating the road at issue, County Road 32. The Commissioners first appointed "viewers" to issue a report of the possible location of the road. After receiving the viewers' report, the Commissioners approved the road by formal action at a commissioner's meeting. The road was subsequently recorded in Bonner County's "Road Book" as County Road No. 32. The whole process from the petition until the recordation took over one year and four months.

In 1991, Fergel and her now deceased husband bought ten acres of land in Bonner County to build a home. According to Fergel, neither she nor her husband knew about County Road 32 or any public right-of-way over the property at the time of their purchase. Fergel refers to the road as "two wheel tracks . . . that are seasonally muddy and difficult to keep open." However, aerial photos of the area show that the road was visible from the air in 1958 and, more recently, by satellite. The road runs north-south along the eastern edge of Fergel's property eventually reaching Trunnell's property.

Trunnell purchased his property from Kathy and Karleen Neumann in 2001. In August 2007, Trunnell filed a complaint and petition for injunctive relief pro se. The complaint alleged that Fergel prevented Trunnell and others from accessing the road, interfering with Trunnell's economic interests, and causing damage to Trunnell's property. Fergel filed an answer on September 25, 2007. An amended complaint was filed on October 24, 2007. After retaining counsel, Trunnell was permitted to file a second amended complaint on June 24, 2008. The second amended complaint added Bonner County as a defendant. The county was later dismissed from this action without prejudice.

On January 23, 2008, Fergel filed a motion for summary judgment. In denying the motion, the district court held that there were genuine issues of material fact of whether County Road 32 had been abandoned as the term is defined by statute.

A bench trial ultimately took place April 28–30, 2009, and closing arguments were heard on July 8, 2009. On September 4, 2009, the district court issued an oral judgment. However, on September 11, 2009, the district court withdrew that decision and requested additional briefing on the relevant statutes. After receipt of this additional briefing, the district court issued an amended memorandum decision on May 26, 2010. In the amended decision, the district court

held that County Road 32 was a validly created road, but that Fergel took title without actual or constructive notice of the county road and was a bona fide purchaser for value. A final judgment was entered on July 6, 2010. Trunnell filed a timely notice of appeal on August 13, 2010.

## II. ISSUES ON APPEAL

1. Whether the trial court erred as a matter of law by applying the defense of good faith or bona fide purchaser for value to Fergel.

2. Whether either party is entitled to attorney fees and costs on appeal.

## III. STANDARD OF REVIEW

"Review of a trial court's conclusions following a bench trial is limited to ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law." *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009). This Court exercises free review over questions of law. *Belstler v. Sheler*, 151 Idaho 819, 823, 264 P.3d 926, 930 (2011). However, "[s]ince it is the province of the trial court to weigh conflicting evidence and testimony and to judge the credibility of witnesses, this Court will liberally construe the trial court's findings of fact in favor of the judgment entered." *Borah,* 147 Idaho at 77, 205 P.3d at 1213. This Court will not substitute its view of the facts for that of the trial court, and will not set aside the trial court's findings of fact unless the findings are clearly erroneous. *Id*.

## IV. ANALYSIS

**A. The trial court erred as a matter of law by applying the defense of bona fide purchaser for value to Fergel.**

Trunnell argues that there are no cases in Idaho's appellate case law where the defense of bona fide purchaser is applied to invalidate a public right-of-way. Fergel disagrees and argues that there is no Idaho case law that provides a distinction between public and private easements. In support, Fergel provides case law from other states that universally hold that unrecorded public or private easements are equally subject to the rights of a good faith purchaser.

    1. <u>The distinction between public and private easements is not an issue brought for the first time on appeal.</u>

Fergel argues that Trunnell did not argue a distinction between public and private easements before the district court. "Issues not raised below but raised for the first time on appeal will not be considered or reviewed." *Mountainview Landowners Co-op. Ass'n, Inc. v. Cool*, 142 Idaho 861, 866, 136 P.3d 332, 337 (2006). In response, Trunnell points to his

3

Plaintiff's Second Post-Trial Brief. In that brief, Trunnell cited *Schurger v. Moorman*, 20 Idaho 97, 117 P. 122 (1911), and used it to support his argument that public easements may be treated differently than private easements. Therefore, this issue is not being raised for the first time on appeal.

> 2. <u>Whether the trial court erred as a matter of law by applying the defense of good faith or bona fide purchaser for value to Fergel.</u>

Though Trunnell structured his argument to focus on the differences between public and private easements, the crux of the matter is whether the defense of bona fide purchaser for value can be applied to Fergel. More specifically, if the bona fide purchaser defense is applicable to the portion of County Road 32 that passes over Fergel's property.

> *a. County Road 32 is a validly created public road.*

In its amended memorandum decision, the district court ultimately found that County Road 32 was a validly created road:

> The evidence presented and the actions of the Bonner County Commissioners create a satisfactory record showing the establishment of County Road No. 32 as a public road pursuant to the requirements of 1 Idaho Code Ann. 875, which was the operative law in 1908. This court again concludes that the phrase 'recorded by order of the board of commissioners' does not mandate the recording of the road description or the recording of the actions of the county commissioners in the recorder's office.

When County Road 32 was created in 1908, the applicable highway statute was Revised Statute § 875, which read:

> Roads laid out and recorded as highways, by order of the board of commissioners, and all roads used as such for a period of five years, provided the latter shall have been worked and kept up at the expense of the public, or located and recorded by order of the board of commissioners, are highways.

The district court's determination on the public nature and valid creation of County Road 32 has not been appealed by either party.

> Idaho Code section 42-203 governs the abandonment of a public highway:

> Until abandonment is authorized by the commissioners, public use of the highway or public right-of-way may not be restricted or impeded by encroachment or installation of any obstruction restricting public use, or by the installation of signs or notices that might tend to restrict or prohibit public use. Any person violating the provisions of this subsection shall be guilty of a misdemeanor.

I.C. § 42-203(5); *see also Farrell v. Bd. of Comm'rs, Lemhi Cnty.*, 138 Idaho 378, 387, 64 P.3d 304, 313 (2002) (where "abandonment required 'formal action' by the board, which includes a

finding to the effect that the road is no longer necessary, as well as publication."). Idaho Code section 40-203(1) governs the specific means by which public highways may be abandoned and vacated.[1] Through the enactment of the abandonment statutes, the legislature has elevated public easements above private easements. In its amended decision, the district court made no distinction between public and private easements. Additionally, the district court made no finding that County Road 32 had ever been abandoned by the county commissioners.

### b. Bona Fide Purchaser for Value

Generally, "[o]ne who purchases land expressly subject to an easement, or with notice, actual or constructive, that it is burdened with an existing easement, takes the land subject to the easement." *Halvorson v. N. Latah Cnty. Highway Dist.*, 151 Idaho 196, 205, 254 P.3d 497, 506 (2011) (quoting *Akers v. D.L. White Const., Inc.,* 142 Idaho 293, 301, 127 P.3d 196, 204 (2005)). To be considered a bona fide purchaser, "a party 'must show that at the time of the purchase he paid a valuable consideration and upon the belief and the validity of the vendor's claim of title without notice, actual or constructive, of any outstanding adverse rights of another.'" *Weitz v. Green*, 148 Idaho 851, 859, 230 P.3d 743, 751 (2010) (quoting *Imig v. McDonald,* 77 Idaho 314, 318, 291 P.2d 852, 855 (1955)). "Further, one who purchases property with sufficient knowledge to put him, or a reasonably prudent person, on inquiry is not a bona fide purchaser." *Imig v. McDonald*, 77 Idaho at 318, 291 P.2d at 855.

The district court determined that Fergel was a bona fide purchaser for value because she had neither actual nor constructive notice of the public nature of County Road 32. However, such a conclusion would allow Fergel to disregard any public interest in County Road 32. In this context, applying the bona fide purchaser for value defense would vitiate any interest the county had in County Road 32, a public highway. By extinguishing that interest, this would be akin to

---

[1] Idaho Code section 40-203 states, *inter alia*, that:

> (1) A board of county or highway district commissioners, whichever shall have jurisdiction of the highway system, shall use the following procedure to abandon and vacate any highway or public right-of-way in the county or highway district system including those which furnish public access to state and federal public lands and waters:

> (a) The commissioners may by resolution declare its intention to abandon and vacate any highway or public right-of-way considered no longer to be in the public interest.

> (b) Any resident, or property holder, within a county or highway district system including the state of Idaho, any of its subdivisions, or any agency of the federal government may petition the respective commissioners for abandonment and vacation of any highway or public right-of-way within their highway system. The petitioner shall pay a reasonable fee as determined by the commissioners to cover the cost of the proceedings.

abandonment. Because I.C. § 40-203 establishes the only avenues through which a validly created public road may be abandoned, the bona fide purchaser defense is not available to Fergel. Therefore, we find that the district court erred in holding that Fergel took title to her property free of the encumbrance of County Road 32.

**B. Neither party is entitled to attorney fees or costs on appeal.**

Trunnell and Fergel both ask for attorney fees and costs on appeal. Trunnell's initial brief cites I.A.R. 40 and 41, but no specific statute as a basis for attorney fees on appeal. Fergel argues she is entitled to attorney fees under I.C. § 12-121 and that Trunnell has pursued this appeal frivolously. In his reply brief, Trunnell argues that the issues in this appeal are matters of first impression in the state of Idaho.

"A party is not entitled to attorney's fees if the issue is one of first impression in Idaho." *Fuchs v. State, Dept. of Idaho State Police, Bureau of Alcohol Beverage Control*, 152 Idaho 626, __, 272 P.3d 1257, 1263 (2012) (quoting *Lane Ranch P'ship v. City of Sun Valley,* 145 Idaho 87, 91, 175 P.3d 776, 780 (2007)). As the issue of the interests of a bona fide purchaser for value versus a public highway abandonment is one of first impression, neither party is entitled to attorney fees on appeal.

## V. CONCLUSION

We find that the bona fide purchaser for value defense is not available to Fergel as the defense would constitute an abandonment of County Road 32 in contravention of I.C. § 40-203. We therefore reverse the holding of the district court and remand for proceedings consistent with this opinion. Neither party is entitled to receive attorney fees on appeal, as this is an issue of first impression before this Court. Costs to Trunnell.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**

6