**In re David Wayne YOUNG, Debtor.**

**David Wayne YOUNG,**
**Plaintiff/Counterdefendant,**

**v.**

**WASHINGTON FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant/Counterclaimant.**

Bankruptcy No. 92–01869.
Adv. No. 93–6040.

United States Bankruptcy Court,
D. Idaho.

July 1, 1993.

Jerry D. Reynolds, Weinpel, Woolf & Combo, Idaho Falls, ID, for plaintiff/counterdefendant.

Daniel C. Green, Racine, Olson, Nye, Cooper & Budge, Pocatello, ID, for defendant/counterclaimant.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Bankruptcy Judge.

I. *Background and Status of Proceedings.*

This adversary proceeding is before the Court for disposition of motions for summary judgment filed by both Plaintiff and Defendant. A review of the record reveals there remain no genuine issues of material fact, only questions of law, and therefore summary judgment is appropriate. F.R.B.P. 7056. The events leading up to this action are as follows.

In 1986, Plaintiff Young borrowed $67,-500 from the Defendant and granted Defendant a deed of trust on his residential real estate to secure his obligation to make monthly payments on the debt. In 1990, Plaintiff defaulted on the monthly payments, and Defendant instructed the deed of trust trustee, a local title company, to sell the real estate at a non-judicial foreclosure sale. The trustee recorded an appropriate notice of default and notice of sale in the county real estate records.

On January 14, 1991, one day prior to the scheduled sale, Plaintiff filed for Chapter 13 relief. Unfortunately, this Court denied confirmation of Plaintiff's plan and dismissed the bankruptcy case on August 13, 1991.

On August 28, 1991, Plaintiff again filed a petition under Chapter 13. On January 7, 1992, in response to Defendant's motion to dismiss, this Court granted Plaintiff a short period of time within which to propose a confirmable plan. Defendant failed in this effort, and this second bankruptcy case was dismissed by order entered on April 2, 1992.

On April 6, 1992, the title company recorded notice of a rescheduled trustee's sale on Plaintiff's house.[1] This notice was properly published and a copy mailed to Plaintiff, and advised that the rescheduled sale would take place on May 12, 1992 at 11:00 a.m. at the local courthouse. Thereafter, at Plaintiff's request, this sale was postponed to allow Plaintiff additional time to cure the default on the payments. As is the normal practice in such situations, and as permitted by state law, a representative of the trustee appeared at the time and place indicated in the notice of sale, and publicly announced that the sale would be postponed until June 10, 1992 at 11:00 a.m.[2]

When the delinquent payments were not made, the sale took place as announced at which time Defendant purchased the property for a credit bid equalling the amount due it on Plaintiff's loan. Later that same afternoon Plaintiff filed yet another Chap-

---

1. The state statutes contain a specific procedure designed to deal with situations where a borrower files for bankruptcy relief during the foreclosure process. *See* Idaho Code §§ 45–1506A and 45–1506B.

2. Idaho Code § 45–1506(8) provides in part that "[t]he trustee may postpone the sale of the property upon request of the beneficiary by publicly announcing at the time and place originally fixed for the sale, the postponement to a stated subsequent date and hour. No sale may be postponed to a date more than thirty (30) days subsequent to the date from which the sale is postponed."

ter 13 petition. On June 11, 1992, or in other words, the next day, a "trustee's deed" conveying the property from the title company as trustee to Defendant was recorded in the county real property records.

In connection with Plaintiff's third Chapter 13 case, which is still pending, Defendant sought stay relief in order to take legal action in state court against Plaintiff to obtain possession of the house. Plaintiff objected. In an order entered in the bankruptcy case on October 7, 1992, after an evidentiary hearing, the Court determined that the foreclosure sale was properly held and was valid as against the Plaintiff. However, because the Plaintiff asserted that the foreclosure sale could be set aside under the avoiding powers in the Bankruptcy Code, the Court again allowed Plaintiff to remain in possession of the house on condition that he make monthly payments to Defendant and promptly commence an adversary proceeding concerning his avoidance claims. This adversary proceeding was commenced on February 16, 1993 by Plaintiff to avoid Defendant's title to the real estate.[3]

## II. Discussion of the Issues.

### A. The Preference Claim.

Plaintiff alleges that the transfer of title to the house to Defendant may be set aside as a preference under Section 547(b). However, at the hearing on the summary judgment motions, Plaintiff's counsel conceded that the preference claim lacked merit, and he therefore abandoned the argument. See In re Ehring, 900 F.2d 184 (9th Cir.1990) (purchase of property by foreclosing creditor at non-collusive, non-judicial foreclosure sale for balance of debt is not avoidable as preference since creditor did not receive more than it would have received in liquidation); see also First Federal Savings and Loan Assn. v. Standard Bldg. Assoc., Ltd., 87 B.R. 221, 224 (Bankr. N.D.Ga.1988). Therefore, only the Section 544(a)(3) claim need be addressed.[4]

### B. Debtor's Standing to Prosecute the Avoidance Claim.

Generally, Chapter 13 debtors may not exercise the statutory avoiding powers, at least not without prior authorization of the Court obtained after notice and a hearing and upon a showing that the Chapter 13 Trustee has neglected or refused to prosecute the action. See In re Jardine, 90 I.B.C.R. 392, 395. There is a narrow exception to this general rule applicable under these facts. Here, Plaintiff has claimed the equity in his residence as his homestead exemption, which exemption claim has been allowed. Section 522(h) of the Code specifically grants a debtor standing to avoid certain involuntary transfers of exempt property.[5]

---

3. The Court-imposed conditions in its October 7, 1992 order were again disregarded by Plaintiff, and on January 19, 1993, the Court authorized Defendant to proceed with its state court possession action. When Defendant filed an unlawful detainer action against Plaintiff, Plaintiff immediately removed it to this Court (Adv. No. 93–6049). Defendant has requested remand in that action, which request the Court has under advisement pending resolution of the issues in this action. It should be obvious the Court has given Plaintiff every possible opportunity to avoid loss of his residence pending final resolution of the legal issues, and that Plaintiff has repeatedly failed to timely perform the duties imposed upon him by the Court in consideration thereof.

4. Plaintiff has not asserted that the recording of the trustee's deed effected an avoidable unauthorized post-petition transfer of property of the bankruptcy estate under Section 549(a). Since the Court below holds that under Idaho law, transfer of title as against Plaintiff and others claiming through him was effective as of the date of sale, and not when the deed was recorded, no post-bankruptcy transfer would be presented.

5. Section 522(h) of the Code provides:

§ 522. Exemptions
(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
  (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
  (2) the trustee does not attempt to avoid such transfer.

C. *General Rules Governing Avoidance Under Section 544(a)(3) in Idaho.*

Section 544(a)(3) of the Bankruptcy Code provides as follows:

§ **544. Trustee as lien creditor and as successor to certain creditors and purchasers**

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

This section of the Bankruptcy Code allows the avoidance of any transfer of real property that is not perfected and enforceable under applicable law against a bona fide purchaser from the debtor as of the instant the bankruptcy petition is filed. The operation of the statute has previously been explained by the Court:

"The Bankruptcy Code, as a matter of federal law, bestows 'BFP' status on the trustee/debtor. However, the extent of the rights assertable in such status is controlled by the substantive law of the state in which the subject property is located. Application of the 'strong-arm' power in this state involves an interplay with the Idaho recording statutes. Idaho Code §§ 55–801 et seq. Section 544(a) relieves the Debtors from any personal knowledge or information about [the subject] transaction with the creditors. However, Debtors will be charged with notice of whatever information appears on the relevant real property records as of the date of the bankruptcy filing."

*In re Maidwell*, 90 I.B.C.R. 322, 323. In essence, while the Code creates the hypothetical bona fide purchaser, state law defines the rights of that purchaser under the particular facts.

Idaho has a "race-notice" recording requirement which provides:

"Every conveyance of real property other than a lease for a term not exceeding one (1) year, is void as against any subsequent purchaser or mortgagee of the same property, or any party thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded."

Idaho Code § 55–812. Therefore, the first good faith purchaser to record evidence of title will prevail under this statute. The Idaho Supreme Court has held that "Idaho Code § 55–811 attaches constructive notice to '[e]very conveyance of real property acknowledged or proved, and certified, and recorded as prescribed by law. . . .' The term 'conveyance' 'embraces every instrument in writing by which any estate or interest in real property is created, alienated, mortgaged, or encumbered, or by which title to any real property may be affected, except wills.' I.C. § 55–813" *Haugh v. Smelick*, 93.3 I.S.C.R. 108, 109, n. 4.

However, the Idaho courts have made it clear that a party cannot blindly rely upon the record if there is other information available which would "excite the attention of a man of ordinary prudence and prompt him to further inquiry." *Farrell v. Brown*, 111 Idaho 1027, 1033, 729 P.2d 1090, 1096 (Ida.App.1986); *see also Fajen v. Powlus*, 96 Idaho 625, 533 P.2d 746 (1975); *Imig v. McDonald*, 77 Idaho 314, 318, 291 P.2d 852, 855 (1955) ("[O]ne who purchases property with sufficient knowledge to put [them], or a reasonably prudent person, on inquiry is not a bona fide purchaser.")

Based upon these cases, the doctrine of "inquiry notice" has been invoked in this District on several occasions as a restriction on the avoidance of transfers in bankruptcy under Section 544(a)(3). For example, "possession by a purchaser is equivalent to recording the earlier conveyance under Section 55–812 of the Idaho Code, since in such case prospective purchasers are put on inquiry and have constructive

notice of the prior interest." *In re Lewis*, 82 I.B.C.R. 70, 71. The presence of a recorded lis pendens has been held to charge parties not only with knowledge of the facts contained in the recorded document, but also with any information available from the underlying litigation record in state court. *In re Tiffany*, 90 I.B.C.R. 377.

The Ninth Circuit has recently gone so far as to apply the doctrine of inquiry notice to place a trustee on notice of information contained in the petition commencing the bankruptcy case itself. *In re Professional Inv. Properties of America*, 955 F.2d 623 (9th Cir.1992) (*cert. denied, —— U.S. ——, 113 S.Ct. 63, 121 L.Ed.2d 31*).

The approach taken in these decisions of burdening the Congressionally-created hypothetical bona fide purchaser with a variety of non-record sources of information based on local law has been criticized.[6] Should the various state statutory and decisional authorities be permitted to qualify the status of the trustee under Section 544(a)(3)?

The justification offered for this analysis is found in the language of the statute itself, however, in that "Congress was careful to modify the status of [the hypothetical] bona fide purchasers by inserting the words 'against whom applicable law permits such transfer to be perfected.'" *In re Professional Inv. Properties of America*, 955 F.2d at 627–28 (*quoting McCannon v. Marston*, 679 F.2d 13, 17 (3rd Cir.1982)). *See also In re Marino*, 813 F.2d 1562, 1565 (9th Cir.1987). That is, the courts have construed Section 544(a)(3) to be ineffective when under particular facts no bona fide purchaser could exist under state law. This Court is bound to follow the Ninth Circuit case law on this point, notwithstanding the possible merits of the arguments to the contrary.

■ In summary, a transfer of an interest in real property will not be subject to avoidance under Section 544(a)(3) to the extent that a purchaser of the property on the date of bankruptcy would be charged with constructive or inquiry notice of the transfer. The Court will look to Idaho case law and the facts of each case to determine whether the alleged "inquiry notice" is sufficient to defeat a purchaser.[7]

### D. Avoidance of Defendant's Interest Acquired at the Trustee Deed Sale.

For at least two different reasons, the interest acquired by Defendant by purchasing Plaintiff's property at the statutory foreclosure sale held on June 10, 1992, is not avoidable under Section 544(a)(3) as interpreted under the cases cited above. Before discussing those reasons, however, a limiting comment is required.

■ While it has not been raised in the Plaintiff's Complaint, it would appear that any title claimed by Defendant based upon recordation of the trustee's deed on June 11, the day after the bankruptcy petition was filed, is avoidable under Section 549(a) of the Code which provides:

### § 549. Postpetition transactions

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

No authority was given to the Court to sanction recordation of the deed. Nor can Defendant as purchaser, which also was the foreclosing creditor, claim the status of a good faith purchaser under these facts.

■ Recordation of the trustee's deed, the ultimate step in the foreclosure process, was likely prohibited by the automatic stay coming into existence upon the filing of the bankruptcy petition. 11 U.S.C. § 362(a). Actions taken in violation of the

---

6. For additional discussion, *see* Pappas, The Impact and Treatment of Section 544(a)(3) of the Bankruptcy Code, 21 Idaho L.Rev. 537 (1985).

7. "Whether a purchaser has inquiry notice is largely a factual determination." *In re Profes-* *sional Inv. Properties of Am., Inc.*, 955 F.2d at 626.

stay are void. *In re Schwartz*, 954 F.2d 569, 571–72 (9th Cir.1992); *In re Wylie*, 90 I.B.C.R. 451, 457. Therefore, the recordation of the trustee's deed was probably a nullity.

█ Even so, it must be kept in mind that avoidance of the recordation of the deed is not the same as avoidance of the transfer of title to the property effected by the sale. That sale was conducted before the bankruptcy case was commenced, and consequently is not subject to the automatic stay nor to avoidance under Section 549. The relevant inquiry here is whether Defendant acquired rights in the property *at the sale* that would defeat a hypothetical bona fide purchaser under Idaho law. As explained below, while Defendant holds title to the property under an instrument that is a technical nullity, the rights it acquired in the real estate still prevail over those of the Plaintiff and his bankruptcy estate.

The first basis for this conclusion is Idaho Code § 45–1508 which provides in pertinent part:

"A sale made by a trustee under this act shall foreclose and terminate all interest in the property covered by the trust deed of all persons to whom notice is given under section 45–1506, Idaho Code, and of any other person claiming by, through or under such persons and such persons shall have no right to redeem the property from the purchaser at the trustee's sale...."

Under the decisions discussed above, in the context of a Section 544(a)(3), this state statute effectively precludes a purchaser from the trust deed debtor from acquiring bona fide purchaser status after the trust deed sale has been conducted. The statute subordinates the rights of a subsequent purchaser of the property, as such rights are claimed "through" the debtor. Put another way, the purchaser at the trust deed sale, is an entity under a specific local law against whom a subsequent bona fide purchaser cannot perfect an interest, notwithstanding the provisions of the general recording laws. Therefore, the rights of the purchaser, as of the time of the sale, cannot be avoided under Section 544(a)(3).

█ Even if Idaho Code § 45–1508 does not effectively insulate this transaction from the general recording requirements found elsewhere in Idaho law, this Court finds on this record that there was adequate information in the public record as of the date of the bankruptcy to put a reasonably diligent person on inquiry notice of Defendant's interest as a purchaser of the property at the foreclosure sale. As of the afternoon of June 10, the county property records included not only a copy of the underlying deed of trust, but also recorded notice that the trust deed was in default, and a separate notice that the property was to be sold at a trustee's sale. In addition, the record contains a notice rescheduling the sale after Plaintiff's resort to bankruptcy relief.

While it is true that the scheduled sale date was to be May 12, 1992, someone reviewing the record could not reasonably ignore the presence of these documents, nor the important information they contained to the effect that a foreclosure was in process. The notices also contain the name of the trustee, and a phone number from which additional information may be obtained.

While the statutes require recorded notice of the original sale date, as noted above, state law allows the sale to be postponed by announcement without further record notice. Idaho Code § 45–1506(8). Those transacting in Idaho real property should be charged with notice of the requirements of the law, or at least should be duty-bound to make inquiry concerning such matters. Minimum prudence would compel at least a phone call by a potential purchaser to the title company under these facts, which on the afternoon of June 10 would undoubtedly have alerted the caller to Defendant's newly acquired rights.

The result reached herein is arguably at odds with the outcome in three reported decisions originating in the Central District of California. *In re Walker*, 861 F.2d 597 (9th Cir.1988); *In re Duncombe*, 143 B.R. 243 (Bankr.C.D.Cal.1992); and *In re*

*Williams*, 124 B.R. 311 (Bankr.C.D.Cal. 1991). There the courts held that the filing of a bankruptcy petition after a trustee's sale, but before recording of a trustee's deed, resulted in an avoidable transfer under the Bankruptcy Code. All indicate that the presence of the recorded trustee's notice of sale is insufficient standing alone to give constructive notice of the rights acquired at the sale. These decisions have all been considered, but will not be followed here for several reasons.

One obvious reason is that this Court must be guided by the decisions of the Idaho courts concerning its statutes, and the fact that there are decisions construing California law to the contrary is not especially significant. A review of those opinions does not reveal, for example, any substantial discussion of state law authorities on constructive or inquiry notice, other than citation to the general recording acts, nor whether California has a statute similar in effect to Idaho Code § 45–1508 dictating the finality of the trustee's sale.[8] In one decision, the appeals court summarily concludes that under California law, the debtor could have sold the subject property to a bona fide purchaser who could have taken priority over the foreclosure sale purchaser's unrecorded deed. *In re Walker*, 861 F.2d at 600. The bankruptcy courts cite this appellate decision for their authority to reach a similar conclusion. *In re Duncombe*, 143 B.R. at 245; *In re Williams*, 124 B.R. at 315.

Additionally, there are distinguishing facts in both *Williams* and *Walker* where the actual sales took place some year and a half after the originally noticed sales. That is, the quality of constructive notice imparted by a given notice of sale may justifiably decline as time passes, and the outcome on this issue may differ markedly depending solely on the timing of the transactions.

While a notice referring to a sale that was to have been held nineteen months ago may not, as a matter of fact, impart effective inquiry notice, this is not to say that the one month delay involved in this case is also ineffective. While a lack of uniformity of decisions in this arena may be a valid criticism of the state of the case law, it naturally arises because of Congress' reference to local law in Section 544(a)(3). Therefore, the Court is not particularly concerned that the result reached in this action differs from other reported cases.

III. *Summary and Conclusion.*

Under the undisputed facts appearing in the record, the Court holds that the transfer of the title to Defendant of the real estate effected by the June 10 foreclosure sale may not be avoided by Plaintiff under either Section 547 or Section 544 of the Bankruptcy Code. This conclusion is mandated by the provisions of the Idaho Code, and the various cases interpreting the relationship of the state and Federal bankruptcy law in this setting.

A separate order will be entered wherein Defendant's Motion for Summary Judgment will be granted and Plaintiff's Cross Motion for Summary Judgment will be denied.

---

**8.** In fact, California evidently does have a statute that provides that a trust deed "trustee's sale shall be deemed final upon the acceptance of the last and highest bid." West's Annot.Cal.Civ.Code § 2924(c). In contrast to the Idaho statute, however, the provision does not make it clear that this "finality" is effective as against third parties claiming title through the debtor.