In re Terrie C. **ELAM**, Debtor.

Bankruptcy No. 95–41942.

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Feb. 15, 1996.

Robert Lybrand, Dallas, Texas, for Debtor.

Craig Sheils, Dallas, Texas, for William H. Fisher, III.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

CAME ON FOR HEARING before the Court the Emergency Motion for Reconsideration of Order Granting Debtor's First Amended Motion to Avoid Transfer Pursuant to Sections 549 and 544 ("Motion for Reconsideration") and the Amended Motion for Relief from Automatic Stay to Permit Eviction Proceedings and Request for Hearing without Waiver of 30–Day Hearing Requirement ("Stay Motion") both filed by William H. Fisher, III, a creditor ("Fisher"). Since the underlying facts relating to both motions were identical, the motions were combined for hearing. This opinion constitutes the Courts findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

Fisher holds a Real Estate Lien Note dated January 17, 1995, executed by Debtor, Terrie C. Elam, and her husband, Michael A. Elam, payable to Fisher and secured by a Deed of Trust.

On September 5, 1995, one day *before* the bankruptcy case was filed, the duly appointed Substitute Trustee under Fisher's Deed of Trust conducted a duly noticed, lawful foreclosure sale of certain real property belonging to Debtor and her husband (the "Property"), described as follows:

> Lot 15, Block D, of Estates of Forest Creek Phase IV, and Addition to the City of Plano, Collin County, Texas, according to the Plat thereof recorded in Volume G, Page 112, Map Records, Collin County, Texas; and as per Certificate of Correction recorded in Volume 2614, Page 625, Deed Records, Collin County, Texas.

Also on September 5, 1995, the Substitute Trustee, T. Craig Sheils, executed and delivered a duly acknowledged "Trustee's Deed (By Substitute Trustee)" to Fisher as buyer.

This Chapter 13 bankruptcy case was filed on September 6, 1995.

The "Trustee's Deed (By Substitute Trustee)" was filed in the County Deed Records of Collin County, Texas, on September 7, 1995.

On October 20, 1995, Fisher filed his Stay Motion to obtain Court authorization for Fisher to evict Debtor from the Property.

On November 3, 1995, Debtor filed her Response to the Stay Motion ("Debtor's Response"). Additionally, on November 16, 1995, Debtor filed Debtor's First Amended Motion to Avoid Transfer Pursuant to Sections 549 and 544 ("Transfer Motion").

On November 28, 1995, Judge Houston Abel held a preliminary hearing on the Stay Motion. At the preliminary hearing, Debtor informed the Court that she had filed the Transfer Motion. Although the Transfer Motion was not properly before the Court at that time, Fisher raised several objections to the motion.

On December 8, 1995, Judge Abel signed the Order on Preliminary Hearing of Amended Motion for Relief from Automatic Stay ("Stay Order"). The Stay Order set the Stay Motion for final hearing on January 9, 1996, before this Court with briefs to be submitted on the issues presented at the November 28, 1995, hearing. The Stay Order further provided that Debtor timely make all regular post-petition payments. If Debtor failed to timely make the payments due on December 1, 1995, and January 1, 1996, the stay would automatically lift without further order of the Court, upon filing of a Certificate of Default by Fisher, to allow Fisher to proceed with forcible entry and detainer proceedings. Debtor has made no post-petition payments on the note. Fisher filed a Certificate of Default on December 29, 1995.

Fisher failed to file any response to the Transfer Motion. Accordingly, this Court, on December 15, 1995, entered the Order Granting Debtor's First Amended Motion to Avoid Transfer Pursuant to Sections 549 and 544 ("Transfer Order").

Subsequently, Fisher filed the present Motion for Reconsideration on December 29, 1995.

### DISCUSSION

#### I. *Motion for Reconsideration*

■ The Transfer Order was properly entered by this Court. Fisher filed no response to the Transfer Motion. Therefore, the Transfer Motion came before the Court as an unopposed motion and was granted.

Fisher attempts to excuse his failure to properly file a response to the Transfer Motion. Fisher asserts that the Transfer Motion was brought to the Court's attention at the preliminary hearing on the Stay Motion on November 28, 1995. Fisher further asserts that he raised objections to the Transfer Motion at that time.

Accordingly, Fisher believes that issues related to the Transfer Motion were properly before the Court. Fisher apparently believes he was somehow excused from filing a response. Fisher further argues that it was improper for this Court to enter the Transfer Order because the Court should have been aware of Fisher's objections to the Transfer Motion, even in the absence of a properly filed response. The Court finds little merit in this argument.

The hearing on November 28, 1995, was a preliminary hearing on the Stay Motion. The Transfer Motion was not properly before the Court at that time. The fact that Debtor informed Judge Abel at that hearing that she had filed the Transfer Motion and that Fisher mentioned that he had objections to the Transfer Motion, did not excuse Fisher from the necessity of properly filing a response. The issues regarding the Transfer Motion were not properly before the Court and had not been litigated. Therefore, in absence of a properly filed response, it was appropriate for the Court to enter the Transfer Order.

However, the Court will now consider the merits of the underlying Transfer Motion and Movant's Objections.

#### A. *Standing*

■ Fisher objects to the granting of the Transfer Order because the Transfer Motion was improperly brought. Fisher asserts that Debtor had no standing to bring an avoidance action under Sections 549 and 544. Ac-

cording to Fisher, such action can only be properly brought by the Chapter 13 Trustee.

Sections 549 and 544 provide that the Trustee may avoid certain transfers. 11 U.S.C. §§ 549 and 544. A Chapter 13 debtor is given the rights and powers of a trustee only under the limited provisions of sections 363(b), (d), (e), (f), and (*l*). Compare with a Chapter 11 debtor who is given all the rights, powers, and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter. 11 U.S.C. § 1107(a). Congress clearly intended to limit the powers of a Chapter 13 debtor.

 Generally, Chapter 13 debtors may not exercise the statutory avoiding powers, at least not without prior authorization of the Court obtained after notice and a hearing and upon a showing that the Chapter 13 Trustee has neglected or refused to prosecute the action. *In re Young*, 156 B.R. 282, 284 (Bkrtcy.D.Idaho 1993). However, there is a narrow exception to the general rule. Section 522(h) of the Code specifically grants a debtor standing to avoid certain involuntary transfers of exempt property. 11 U.S.C. § 522(h); *In re Young*, 156 B.R. at 284.

The transfer involved here was the foreclosure of Debtor's homestead. This clearly falls within the exception. Therefore, Debtor has standing to bring an avoidance action under sections 549 and 544.

### B. *Bankruptcy Rule 7001*

 Fisher objects to the granting of the Transfer Order because the Transfer Motion was improperly brought. Fisher asserts that an action to avoid a transfer under sections 549 and 544 must be brought as an adversary proceeding pursuant to Bankruptcy Rule 7001. Fisher is correct.

 A proceeding to recover money or property must be brought as an adversary proceeding. Fed.R.Bankr.Proc. 7001(1). An action to avoid a transfer of real estate under sections 549 and 544 is clearly a proceeding to recover property. Consequently, if the Trustee wishes to exercise powers under the strongarm clause, the Rules require him to bring a separate adversary action and serve defendant with a copy of a complaint, a summons, and a notice of trial. *In re Commercial Western Finance Corp.*, 761 F.2d 1329, 1338 (9th Cir.1985).

Clearly, Debtor should have filed an adversary proceeding to avoid the transfer under sections 549 and 544 rather than filing the Transfer Motion. However, in determining whether to grant the Motion for Reconsideration, the Court will consider the underlying merits of the Transfer Motion.

### C. *§ 549*

 Debtor claims that she can avoid the transfer under section 549. Section 549 provides that the trustee may avoid a transfer of property of the estate that occurs postpetition. 11 U.S.C. § 549(a)(1). The Court must determine when the actual transfer occurred.

 Under Texas law, it is well settled that a conveyance is effective and title is transferred upon execution and delivery of the deed. *Hicks v. Loveless*, 714 S.W.2d 30, 32 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). The foreclosure sale was conducted and the Trustee's Deed executed and delivered on September 5, 1995, one day *before* bankruptcy. The Chapter 13 case was filed on September 6, 1995. The Trustee's Deed was recorded on September 7, 1995. Although, the recordation of the Trustee's Deed occurred postpetition in violation of the automatic stay, title was transferred prepetition. Consequently, the transfer cannot be avoided as a postpetition transfer under section 549.

### D. *§ 544*

 Debtor also claims that she can avoid the transfer under section 544(a)(3). This section provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such purchaser exists.

11 U.S.C. § 544(a)(3). This section of the Bankruptcy Code allows the avoidance of any transfer of real property that is not perfected and enforceable under applicable law against a bona fide purchaser from the debtor as of the instant the bankruptcy petition is filed. *In re Young,* 156 B.R. at 285. While the Code creates the hypothetical bona fide purchaser, state law defines the rights of that purchaser under the particular facts. *Id.; In re Smith,* 155 B.R. 145, 149 (Bkrtcy. S.D.W.Va.1993).

 Section 13.001, Texas Property Code, provides as follows:

A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.

Although the title transferred to Fisher on September 5, 1995, the Trustee's Deed was not filed until September 7, 1995. Debtor filed her Chapter 13 petition on September 6, 1995. Thus, according to section 544(a)(3), Debtor stepped into the shoes of a hypothetical bona fide purchaser without notice on September 6, 1995. Thus, according to section 13.001 of the Texas Property Code, the September 5, 1995, conveyance was void as to Debtor because the Trustee's Deed had not yet been properly filed. Consequently, Debtor can avoid the transfer pursuant to section 544(a)(3).

Therefore, the Court believes that the Motion for Reconsideration should be DENIED, and the Transfer Order should be allowed to stand.

### II. *Stay Motion*

The Stay Motion seeks modification of the automatic stay to allow Fisher to proceed with forcible entry and detainer actions in state court. Since the Court denied the Motion for Reconsideration, the Transfer Order remains valid. Consequently, the transfer of title to Fisher has been set aside and Debtor has title to the property. Therefore the Stay Motion is now moot. It is therefore

ORDERED that the Motion for Reconsideration is hereby DENIED. It is further

ORDERED that the Stay Motion is hereby DISMISSED as moot. It is further

ORDERED that all further requested relief is hereby DENIED.