IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20303
Summary Calendar
_____

IN THE MATTER OF:  DZOANH NGUYEN TRINH,

Debtor.

DZOANH NGUYEN TRINH,

Appellant,

versus

INTERTEX, INC.; GLEN CREEK, Constable Precinct 5,

Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-375
_____
February 25, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Dzoanh Nguyen Trinh appeals the district court's denial of his adversary proceeding under 11 U.S.C. § 544 and the award of attorney's fees to Intertex, Inc.  For the reasons stated herein, we affirm the district court.

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 1978, deed restrictions were recorded with respect to the Mission Bend Subdivision in Houston, Texas, that provided for an assessment lien on real property and for judicial foreclosure of such a lien. In 1992, Trinh purchased property in the subdivision subject to those restrictions. He later neglected to pay his association fees, and by 1995, he owed over $1,200 to the Mission Bend Civic Association. So the association took him to court.

In June of 1995, the state district court ruled in favor of the association, and in September, the association recorded an abstract of the judgment. On October 3, 1995, Intertex bought the property for $26,536.20 at a constable's sale. On October 11, however, before the constable had signed or delivered the deed, Trinh filed for Chapter 13 bankruptcy. Trinh then filed an adverse proceeding under 11 U.S.C. § 544 to avoid the transfer of the property to Intertex. Intertex filed a counterclaim under Texas' Declaratory Judgment Act, asking the bankruptcy court to declare the constable's sale valid and to award Intertex attorney's fees from the proceeds of the foreclosure sale.

In March of 1996, the bankruptcy court dismissed Trinh's Chapter 13 proceeding. In May, the bankruptcy court heard the adversary proceeding concerning the disposition of the property. Trinh did not personally appear at the hearing, and his counsel did not present any evidence. His counsel did, however, obtain a stipulation from Intertex that the constable's deed had not been

recorded before Trinh's bankruptcy filing.  Intertex then presented
evidence establishing:

1.   The 1978 restrictions on the property;

2.   the record abstract of the judgment;

3.   the recorded deed to Trinh;

4.   the execution, order of sale, and final judgment from the
     state district court; and

5.   Intertex's purchase of the property.

In its June 13 final judgment, the bankruptcy court ordered the
automatic stay on disposition of the property terminated under 11
U.S.C. § 362.  The bankruptcy court also ordered that $8,684 in
Intertex's attorney's fees be paid from the proceeds of the
foreclosure sale, along with $3,000 if Trinh unsuccessfully
appealed in district court, and an additional $5,000 if he
unsuccessfully appealed in the Fifth Circuit.

Trinh did appeal to the district court unsuccessfully, which
affirmed the bankruptcy court in all respects.  Specifically, the
district court held that Trinh could not avoid the property
transfer under § 544 of the bankruptcy code, and that even if he
could, the question was moot because of the bankruptcy court's
dismissal of the bankruptcy proceeding.  Moreover, the district
court concluded that the attorney's fees award was within the
court's discretion.  Finally, the district court allowed payment of
the fees from proceeds of the foreclosure sale because Trinh had
failed to challenge that ruling before the bankruptcy court,

3

because Trinh did not have Chapter 13 protection, and because he had failed to establish that the property was his homestead. Trinh appealed.

## II

We begin with an analysis of Trinh's appeal of the denial of relief under 11 U.S.C. § 544. That provision normally allows a trustee in a bankruptcy proceeding to avoid the transfer of real property that is not perfected and would not be enforceable against a hypothetical bona fide purchaser at the time the bankruptcy petition is filed. In re Elam, 194 B.R. 412, 416 (Bankr. E.D. Tex. 1996). It reads:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by -- (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and had perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544 (emphasis added). This provision allows the trustee to protect the potential assets of the bankrupt estate. Zetta v. Babin, 103 F.3d 1195, 1200 (5th Cir. 1997). In some limited situations, the debtor may stand in the shoes of an inactive trustee to protect the estate. Trinh contends, and Intertex apparently does not dispute, that he stands in the shoes of the trustee pursuant to 11 U.S.C. § 522(h). That provision allows the debtor to act as a trustee for purposes of § 544 in the

4

following situation: when the property was his homestead; the transfer was involuntary; and a Chapter 13 trustee did not attempt to avoid the transfer. See Hamilton v. Realty Portfolio, Inc., 125 F.3d 292, 298 (5th Cir. 1997).

Assuming that Trinh may act as a trustee for purposes of § 544(a)(3), he may only avoid the transfer to Intertex if a hypothetical purchaser could have obtained the status of a bona fide purchaser by buying the property from Trinh at the time of the bankruptcy filing. Texas state law would determine whether this purchaser would be a bona fide purchaser. Hamilton v. Realty Portfolio, Inc., 125 F.3d at 298. Under Texas law, a bona fide purchaser is one who acquires apparent legal title to property in good faith for valuable consideration without notice of an infirmity in the title. Williams v. Jennings, 755 S.W.2d 874, 881 (Tex. App. -- Houston, 1988). The key question here is whether there would have been notice of infirmity in the title, that is, whether a hypothetical purchaser would have known that Intertex had bought Trinh's property.

As we explained in Hamilton, to determine what notice a bona fide purchaser of the property would have, certain knowledge concerning title to the property is attributed to the purchaser under the twin doctrines of constructive notice and inquiry notice. Hamilton, 125 F.3d at 299-300. First, under the doctrine of constructive notice, the purchaser is assumed to have notice of any properly recorded instrument--here, the lien of the Mission Bend

homeowners' association.  <u>Id.</u> at 299.  The doctrine of inquiry notice, moreover, presumes that the purchaser also has notice of facts that would be discovered by a reasonably prudent inquiry-- here, for example, whether a reasonably prudent inquiry would have revealed that Intertex had purchased Trinh's property.  <u>Id.</u>

The facts in <u>Hamilton</u> are similar to those in the case before us.  A foreclosure sale was held for property that was subject to a properly recorded lien.[1]  After the sale, but before the purchase was recorded, the former owner filed for Chapter 13 bankruptcy and tried to void the transfer under § 544.

Because the facts in that case are so similar, the <u>Hamilton</u> panel's legal analysis is instructive.  In determining whether a hypothetical purchaser would have qualified as a bona fide purchaser under Texas law, the panel attributed knowledge of the lien to the purchaser under the constructive notice doctrine.  <u>Id.</u> at 299.  Once the hypothetical purchaser had notice of the lien, the duty was triggered to conduct a reasonable inquiry into the status of that lien under the doctrine of inquiry.  <u>Id.</u> at 300. But the <u>Hamilton</u> panel explained that what facts reasonably would be gathered was a factual question.  <u>Id.</u> at 301.  So the panel remanded for a determination of whether a reasonable inquiry into

---

[1]In <u>Hamilton</u>, the lien in question was a "deed of trust." Generally, a "deed of trust" is a mortgage with a power to sell on default.  <u>Successors to the Interest of Rea-Glass, Inc. v. Allied Corp.</u>, 704 S.W.2d 387, 389 (Tex.App.--Houston 1985).  That is very much like the lien in question in the case before us.

the status of the lien would have led to knowledge of the foreclosure sale.  Id. at 302.

Using this same analytical framework as used by the Hamilton panel would seem to suggest that a remand for the same type of factual findings would be appropriate to determine whether reasonable inquiry here would have led to knowledge that Intertex had purchased the property.

But we need not prolong this case in this manner because the issue is moot.  Under 11 U.S.C. § 349(b), "a dismissal of a [bankruptcy] case. . . . reinstates . . . any transfer avoided under section . . . 544."  Because the underlying Chapter 13 proceeding was dismissed and Trinh has not appealed that dismissal in this court, the transfer of the property to Intertex is unavoidable.  Even if, at one time, Trinh could have avoided the transfer, the transfer would necessarily have been reinstated when the court dismissed his Bankruptcy case.  We therefore affirm the denial of § 544 avoidance.

III

A

We turn now to the attorney's fees the bankruptcy court required Trinh to pay under § 37.009 of the Texas Civil Practice and Remedies Code.  Trinh argues that fees may only be awarded in bankruptcy proceedings pursuant to 11 U.S.C. § 506, and cites three cases in support: United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); In re Gledhill,

7

164 F.3d 1338 (10th Cir. 1999); and <u>Brentwood Outpatient, Ltd. v. Bondholder Committee</u>, 43 F.3d 256 (6th Cir. 1994). He then explains why fees are not available under § 506(b). But these authorities do not limit availability of attorney's fees to § 506; that is, Trinh cites no authority for his proposition that attorney's fees may only be awarded under § 506.[2] Thus, Trinh's discussion of § 506 is irrelevant to the attorney's fee question before us because it is not the provision Intertex relied on in seeking those fees. He seeks fees under § 37.009.

Trinh may have waived his best argument for denying attorney's fees by failing to raise it. We have previously held that § 37.009 is a procedural rule rather than a substantive one, so that provision is not available in federal court. <u>See</u> <u>Utica Lloyd's of Texas v. Mitchell</u>, 138 F.3d 208, 210 (5th Cir. 1998)(§ 37.009 not available in case in federal court under diversity jurisdiction). But, as just mentioned, Trinh failed to suggest this argument in his appeal to the district court or in his brief to this court.

We do not hold, therefore, that fees under § 37.009 are available in federal bankruptcy proceedings, only that Trinh has

---

[2]It may be that Trinh's contention is correct with respect to provisions of the Bankruptcy Code, but we are reluctant to adopt that position without supporting legal authority. In addition, the situation is complicated by the fact that Intertex sought attorney's fees as part of its declaratory judgment claim based on state law, not as part of the Bankruptcy Code. Thus, adopting Trinh's conclusion would also require us to rule on the availability of fees when a state statutory provision separate from the Code is asserted during bankruptcy proceedings. Trinh does not even mention this complex issue.

failed to raise the unavailability of such fees in bankruptcy proceedings.  The order that Trinh pay Intertex's attorney's fees is therefore affirmed.

B

The final question before us is whether the bankruptcy court had the authority to order payment of attorney's fees from proceeds of the foreclosure sale.  It is well established, however, that we do not consider arguments not presented to the bankruptcy court. <u>Gilchrist v. Wescott</u>, 891 F.2d 559, 561 (5th Cir. 1990).  That is the case here.  Trinh failed to challenge the bankruptcy court's decision to order payment of the attorney's fees from the foreclosure proceeds in bankruptcy court.  For that reason, we will not consider this issue on appeal.

IV

For these reasons, the district court decision is

A F F I R M E D.